[Crim. No. 9545. Third Dist. Sept. 26, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
DOUGLAS LAFAYETTE NELSON, JR., Defendant and Appellant.

COUNSEL

Paul Halvonik and Quin Denvir, State Public Defenders, under appointment by the Court of Appeal, Gary S. Goodpaster and Ezra Hendon, Chief Assistant State Public Defenders, Mark L. Christiansen, Laurance S. Smith and Christine Zilius, Deputy State Public Defender, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney, Charles P. Just and Nelson P. Kempsky, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

PUGLIA, P. J.—Defendant appeals from the judgment committing him to state prison following his pleas of guilty to five counts of robbery (Pen. Code, § 211), each with use of a firearm (Pen. Code, § 12022.5) and one count of assault with a deadly weapon (Pen. Code, § 245) also with use of a firearm. Finding aggravated circumstances, the trial court imposed the upper term of four years imprisonment as to each count (Pen. Code, §§ 213, 245). In conjunction therewith the court found "the factors in

mitigation recited and found [are] heavily outweighed by the factors in aggravation heretofore recited and found, and that outweighing is by a preponderance of the evidence, . . ."

■ This appeal challenges the constitutionality of rule 439, California Rules of Court, because it permits the imposition of the upper term of imprisonment upon a finding of aggravated circumstances by a preponderance of the evidence rather than beyond a reasonable doubt.[1] We uphold the rule and affirm the judgment.

Defendant asserts the use of the less stringent standard of proof to justify the upper term violates constitutional guarantees of due process of law. The imperatives of due process vary from one procedure to another. Almost three decades ago the United States Supreme Court warned that the "due process clause should not be treated as a device for freezing the evidential procedure of sentencing in the old mold of trial procedure. So to treat the due process clause would hinder if not preclude all courts—state and federal—from making progressive efforts to improve the administration of criminal justice." (*Williams* v. *New York* (1949) 337 U.S. 241, 251 [93 L.Ed. 1337, 1344, 69 S.Ct. 1079].) In an era when constitutional principles are as evanescent as last year's fashions, it is comforting to know that the *Williams* case "is still good law." (*People* v. *Peterson* (1973) 9 Cal.3d 717, 726 [108 Cal.Rptr. 835, 511 P.2d 1187].)

Defendant relies upon Supreme Court decisions extending the standard of proof beyond a reasonable doubt to commitment proceedings for sex offenders and narcotic addicts. (*People* v. *Burnick* (1975) 14 Cal.3d 306 [121 Cal.Rptr. 488, 535 P.2d 352] [mentally disordered sex offender commitment proceedings; Welf. & Inst. Code, § 6300 et seq.]; *People* v. *Thomas* (1977) 19 Cal.3d 630 [139 Cal.Rptr. 594, 566 P.2d 228] [narcotic addict commitment proceedings; Welf. & Inst. Code, § 3000 et seq.].) Neither of these cases involved sentencing. Rather; the fact of criminal conviction provided the statutory basis to commence an entirely different proceeding denominated a "civil proceeding" but having the potential to deprive defendant of his liberty (perhaps for a period exceeding the maximum possible imprisonment under the criminal conviction) and to

---

[1]Rule 439(b), California Rules of Court, provides: "Selection of the upper term is justified only if, considering the entire record of the case, including the probation officer's report, other reports properly filed in the case, and other competent evidence, circumstances in aggravation are established by a preponderance of the evidence and outweigh circumstances in mitigation. Selection of the lower term is justified only if, considering the same facts, circumstances in mitigation are established by a preponderance of the evidence and outweigh circumstances in aggravation."

stigmatize defendant with a socially opprobrious label over and above that which attached upon conviction of the underlying crime.

In *Specht* v. *Patterson* (1967) 386 U.S. 605 [18 L.Ed.2d 326, 87 S.Ct. 1209], the United States Supreme Court had before it the Colorado Sex Offenders Act, a provision similar to the sex offender statute considered by our Supreme Court in *People* v. *Burnick, supra.* The federal Supreme Court distinguished the procedure under the Colorado act and that involved in criminal sentencing, observing that the act "does not make the commission of a specified crime the basis for sentencing. It makes one conviction the basis for commencing another proceeding under another Act to determine whether a person constitutes a threat of bodily harm to the public, or is an habitual offender and mentally ill. That is a new finding of fact [citation] that was not an ingredient of the offense charged." (P. 608 [18 L.Ed.2d at p. 329].) While adhering to the rule of *Williams* v. *New York, supra,* as it applies to sentencing, the *Specht* court held that the "radically different situation" (p. 608 [18 L.Ed.2d at p. 329]) posed by proceedings under the Colorado act requires the application thereto of minimum standards of due process.

In *People* v. *Jimenez* (1978) 21 Cal.3d 595 [147 Cal.Rptr. 172, 580 P.2d 672], our Supreme Court held that the evidentiary standard to be applied by the trial court in determining voluntariness and thus admissibility of defendant's extrajudicial confession was proof beyond a reasonable doubt (pp. 605, 608). However, *Jimenez* is readily distinguishable from the instant case because it is concerned with a fact finding process integrally related to the question of guilt. Once a confession is admitted it is improbable that the jury will render a verdict inconsistent with an account of the event out of the defendant's own mouth. The decision on admissibility frequently foreordains the determination of the ultimate issue of guilt, an issue which must be proved beyond a reasonable doubt. The resolution of the admissibility issue may in a real sense become the trial, the determinant of defendant's guilt. Where admissibility of the confession is governed by a mere preponderance of the evidence, defendant's fate may therefore be determined by a standard less exacting than is constitutionally required (*People* v. *Vann* (1974) 12 Cal.3d 220, 227-228 [115 Cal.Rptr. 352, 524 P.2d 824]); and where voluntariness cannot be established beyond a reasonable doubt and the confession is false, the very integrity of the fact finding process is compromised.

No such danger exists here. Having committed an offense defendant is liable to punishment and loss of liberty, provided of course that evidence

of his guilt satisfies the constitutionally exacting standard of proof beyond a reasonable doubt. Having waived the protection of this high standard by pleading guilty, we can perceive of no constitutional barrier to the court's weighing the mitigating and aggravating facts incident to the crime against a preponderance of the evidence standard in order to determine which of the terms provided by law are appropriate under the circumstances. In doing so defendant is in no way subjected to additional penalties beyond those already incurred by his conviction. The authorities relied upon by defendant, *People* v. *Burnick, supra, People* v. *Thomas, supra,* and *Specht* v. *Patterson, supra,* therefore do not control the instant circumstances. We find no denial of due process in the application of the less stringent standard of proof to the selection of sentencing alternatives.

■ Defendant further asserts the sentencing procedure employed here violates the constitutional provisions guaranteeing equal protection of the laws. Defendant argues that the procedure creates an irrational distinction between those persons subjected to an enhancement (see Pen. Code, §§ 667.5, 12022, 12022.5, 12022.6, 12022.7) and those committing the same crime whose sentences are increased by imposition of the upper base term due to aggravated circumstances. Enhancements also result in an increase in term but must be proved beyond a reasonable doubt whereas aggravated circumstances may be shown by a preponderance of the evidence. We note, however, that defendant admitted enhancements for all counts for which he was sentenced. In doing so, he waived his right to the increased procedural protections afforded by the higher standard of proof applicable to enhancements. Having admitted and been sentenced for an enhancement, the fact used to enhance cannot then be used as a circumstance in aggravation, to justify imposition of the upper term. (Pen. Code, § 1170, subd. (b).) Moreover, defendant does not contend nor does the record suggest that any fact which could have supplied the basis for an enhancement was utilized to aggravate his term. Therefore, defendant has not been aggrieved by the disparity in the standards of proof required for enhancements and aggravated circumstances and accordingly lacks standing to raise the equal protection claim.

Even were we to assume, arguendo, that defendant has standing to complain of a deprivation of equal protection, his contention would nonetheless lack merit. The different burdens of proof reflect the legislative distinction between proof of a fact requiring a mandatory increase in sentence and a recognition of circumstances warranting the discretionary imposition of a more severe punishment for the commission

of a crime in an aggravated manner. These two fundamentally different objectives fully support the Legislature's discrete treatment.

The judgment is affirmed.

Evans, J., concurred.

**REYNOSO, J.**—I concur in the results limited to these facts. By a rational constitutional analysis one may conclude that basic due process demands a beyond reasonable doubt standard before a person is incarcerated for an extra year. After all, no right is more precious than one's freedom. But, as the majority indicate, the constitutional slate is not clean.

I cannot join in the court's general assumption that equal protection (or due process) contentions will not lie under any circumstances. The legislative scheme contemplates that certain facts must be pled and proved for enhancement purposes. The reasons for aggravation cannot be of such breadth as to permit by indirection what the Legislature has not permitted. I would hold unenforceable those portions of the Rules of Court which appear to permit such a result.

The Rules of Court disturb me in a related regard. The standard of proof (preponderance) may be applied to factors so vague that no standard is readily perceived. Rules of Court (rules 421 and 423) appear to permit practically unbridled discretion in the trial judge to impose a maximum or minimum term. That cannot be. More predictability must be engrafted upon the sentencing process. The whole motivating concept behind recent legislative sentencing reforms has been to structure fairness and predictability in our sentencing scheme.

Appellant's petition for a hearing by the Supreme Court was denied December 13, 1978. Bird, C. J., Tobriner, J., and Manuel, J., did not participate therein. Taylor, J.,* Elkington, J.,* and Kane, J.,* participated therein.

---

*Assigned by the Chairperson of the Judicial Council.