[Crim. No. 9799. Third Dist. Mar. 19, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
VINCENT MONTANGE HAWK, Defendant and Appellant.

COUNSEL

Joseph Lawrence Staats, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Roger E. Venturi and Maureen Daly, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

REGAN, J.—Defendant appeals from a judgment entered after he pleaded guilty to rape by force and violence and by threat (Pen. Code, § 261, subds. 2 and 3) and admitted inflicting great bodily injury during the commission of the rape (Pen. Code, § 12022.7).

He was charged by indictment on February 21, 1978, with seven separate crimes (burglary, rape, oral copulation, assault with a force likely to produce great bodily injury, assault with a deadly weapon, assault with intent to commit murder and assault with intent to commit rape). Pursuant to a plea bargain, he entered his plea of guilty to the rape and admitted inflicting great bodily injury after being advised of a possible sentence of three, four or five years for the rape and a sentence of three years for the infliction of great bodily injury. The other counts as well as an information charging defendant with the rape of another victim were dismissed on motion of the district attorney pursuant to the

terms of the bargain. Defendant was sentenced to the upper term of five years for the rape which was enhanced by three years for the infliction of great bodily injury.

■ We reject the contention that the trial court erred in imposing the upper term for the rape.[1] Defendant's contention is premised on the claim the court utilized factors not supported by the evidence and used the infliction of great bodily injury both to aggravate and enhance his sentence in violation of rule 441 of the California Rules of Court.

The transcript of the preliminary hearing shows that the 19-year-old victim was alone in her apartment when defendant knocked on her door on the pretext of looking for her neighbor; he gave his name and determined she was living with her boyfriend. He then pushed the door in and entered against her resistance; he asked: "What's wrong, can't I come in?" When she told him "No" he grabbed her by the neck and pushed her against the wall; he then hit her in the face with his fist, causing bleeding. He took her to the kitchen and asked where the knives were kept and grabbed one with an eight-inch blade, then took her to the bedroom and ordered her to perform the act of oral copulation which she did only after being yelled at. Defendant subsequently raped and kicked her, then had her take a shower. He took her back to the bedroom and tied her hands behind her back with a pillow case. While she was tied defendant told her that he would kill her if she told anybody; he also asked if she remembered his name and told her she had better not remember; he stabbed her in the back and left.

The victim was hospitalized for three weeks and paralyzed for two weeks. Her spine had been damaged, and she had facial abrasions and multiple marks on her neck. The victim is five feet, two inches tall; defendant is twenty-two years old and six feet tall.

Defendant had been charged with another rape at the same complex where this victim lived and admitted committing it in the manner related by that victim. He had also been charged with rape on two other occasions and admitted "the general allegations" as outlined in the police reports of those offenses.

---

[1]Defendant contends (1) the court could not use the fact he committed the rape with "violence" since violence is an element of the crime; (2) there was no more viciousness and callousness in the instant case than in any other rape; and (3) the victim was no more vulnerable than any other rape victim. He apparently does not contest the court's findings with respect to premeditation and the commission of another rape.

The court's finding that defendant exhibited a violent nature and showed "viciousness and callousness" (Cal. Rules of Court, rule 421 (a)(1)) apart from the infliction of great bodily injury is amply supported by the evidence. Defendant choked the victim and hit her in the head and face, obtained a knife from her kitchen, had her submit to an act of oral copulation before raping her, and kicked her after completing the rape. None of the foregoing acts, according to a recent California Supreme Court opinion, would constitute "great bodily injury."[2] (*People* v. *Caudillo* (1978) 21 Cal.3d 562, 575-589 [146 Cal.Rptr. 859, 580 P.2d 274].) However they demonstrate a viciousness and callousness on defendant's part which do not constitute necessary elements of the crime of rape by force or by threat of force. (Pen. Code, § 261, subds. 2 and 3; see *People* v. *Hunt* (1977) 72 Cal.App.3d 190, 194-199 [139 Cal.Rptr. 675].)

Defendant had the physical size to intimidate the victim and was able to get her to tell him the expected time of her boyfriend's arrival and to gain her submission to the oral copulation and the rape after threatening her or yelling at her. There appears to have been no need to physically abuse her, especially after defendant had sexual intercourse with her. The needlessness of physical abuse supports a finding that defendant exhibited a violent nature.

The victim's vulnerability to the attack is established by the relative difference between her size and that of defendant's, defendant having determined she was alone in the apartment and would be for the next two hours. Furthermore, defendant had tied her up before he inflicted the knife wound. Her being tied up is a fact apart from the infliction of great bodily injury; it is a circumstance which left her "particularly vulnerable" to the knife attack. (Cal. Rules of Court, rule 421 (a)(3).)

Under the foregoing circumstances, we find the court properly imposed the upper term of five years for the rape. (Pen. Code, § 264; *People* v. *Giminez* (1975) 14 Cal.3d 68, 72 [120 Cal.Rptr. 577, 534 P.2d 65].)

The judgment is affirmed.

Puglia, P. J., and Paras, J., concurred.

---

[2]We note that the court could have utilized the fact defendant was armed with a knife to aggravate the sentence. (Cal. Rules of Court, rule 421 (a)(2); see Pen. Code, § 1170.1, subd. (d).)