[Crim. No. 3888. Fifth Dist. May 14, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
SANTIAGO CERVANTES RAMOS, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Ezra Hendon, Chief Assistant State Public Defender, Richard E. Shapiro and Mark E. Cutler, Deputy State Public Defenders, for Defendant and Appellant.

Evelle J. Younger and George Deukmejian, Attorneys General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Ramon M. de la Guardia and Maureen A. Daly, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**ZENOVICH, J.**—Appellant Santiago Cervantes Ramos was charged by information with having committed the offense of robbery (Pen. Code,

§ 211). The information further alleged that, during the robbery, appellant used a deadly or dangerous weapon (a knife). At his arraignment, appellant pled not guilty and denied the special allegation. Thereafter, appellant withdrew his not guilty plea and entered a conditional plea of guilty to the robbery offense. The conditions of the plea bargain, agreed to by all parties, were that the special allegation would be dismissed at the time of sentencing, that the sentencing would be discretionary with the court, and that two municipal court cases would be dismissed if appellant was not given a county jail sentence on the robbery offense. It was further stipulated that appellant was ineligible for commitment to the California Rehabilitation Center.

Appellant was sentenced to the aggravated or upper-base term of four years in state prison on the robbery offense. He appeals upon the ground that certain sentencing errors were committed by the trial judge, rather than challenging the validity of his guilty plea.

Since there was no trial, the pertinent facts are derived from statements found in the probation officer's report. Because it succinctly summarizes the facts, we quote from the report prepared by the probation officer. "The instant offense came to the attention of the Visalia Police Department on November 2, 1977, when Officer Nava, was dispatched to the residence of Arturo Diaz, 1704 North Bridge Street, Visalia, California, concerning an armed robbery. Upon his arrival, the officer contacted Victim Diaz who advised that he had just been involved in a physical altercation with three Mexican male adults and who at knifepoint had forceably [sic] taken U. S. currency from his possession along with a portable radio from inside his trailer home. According to reports, the victim was alone in his single room trailer when he observed the front door of his trailer being rattled by suspects. Mr. Diaz attempted to hold the door closed and at that point, the three suspects physically forced the door open. The suspects then entered the trailer. One suspect was brandishing a knife. All three individuals were in possession of, 'Walking canes.' The aforementioned suspect pointed a knife at the victim in a threatening manner and instructed him to give him his money. Victim Diaz then removed his wallet from his pants' pocket and gave the suspect a $10.00 bill which was the only currency contained in the wallet. The victim was then physically pushed aside and a portable radio was taken from a corner shelf. All three suspects then exited the trailer and left the area on foot. Subsequently, the defendant was arrested and interviewed by Officer Terronez at the Tulare County Jail. . . .

"It is noted that at the preliminary hearing, the victim, Arturo Diaz, testified that on the date in question, the defendant used a 'Walking cane' with which to strike him on only one occasion. Injury was minimal. The victim's only loss was a $10.00 bill and the aforementioned portable radio."

The probation report also indicated that appellant had two prior juvenile adjudications for possessing alcoholic beverages in a vehicle. In addition, his prior adult convictions consisted of one petty theft offense and one driving without a license offense. The report also described a separate burglary offense to which appellant had pled guilty on the same date as entry of the guilty plea in the present case. Although the probation officer recommended the base term for the robbery offense, he did list the following circumstances as possible aggravating factors: threat of great bodily harm; armed with a weapon (walking cane) at the time of the crime; particular vulnerability of the victim ("in that he was confronted by three suspects who were armed"); premeditation; and the increasing seriousness of appellant's adult convictions.

At the sentencing hearing, the judge denied probation and sentenced appellant to state prison for the aggravated term. He specifically stated: "...and the Court having read and considered the Probation report; by way of sentence, the Court is going to order on this matter the defendant's application for probation be denied.

"And the Court will order...that the defendant be sentenced to State Prison. The Court fixing the base term there at the upper range of 4 years.

"And I should state the reasons for this: There are number of agravating [*sic*] circumstances in this case which I have read and considered in the Probation report. And I will recite them: That in this case which involved the Robbery, it involved the theft by great bodily harm and the use of a weapon, but the defendant additionally was armed with a cane which he used and inflicted some slight injury to the victim.

"The victim was particularly vulenrable [*sic*], being in his own home where he was assaulted and robbed by not only the defendant but at least two others.

"This crime involved premeditation on the part of this defendant as well as the codefendant who acted in concert with him.

"The Court has also considered his previous record and increasing seriousness of offenses that he has committed. And feels that these justify imposing the upper term of 4 years."

Appellant initially contends[1] that the trial judge failed to adequately state reasons for imprisonment as a sentence choice. This argument is premised on the fact that the judge did not explicitly state the reasons for denial of probation, but merely adopted the reasons given by the probation officer in his recommendation of denial. Based upon our decision in *People* v. *Turner* (1978) 87 Cal.App.3d 244 [150 Cal.Rptr. 807] and the new judicial rules adopted under the Determinate Sentencing Act,[2] appellant argues that the case must be remanded for resentencing. Although error was committed under *Turner*, we are of the opinion that the subsequent articulation of aggravating factors cured any initial failure to state reasons for the sentence choice in this case.

█ It has been held that a statement of reasons for the denial of probation is not constitutionally required nor mandated as a matter of judicial policy. (See *People* v. *Edwards* (1976) 18 Cal.3d 796, 798-799, 803-805 [135 Cal.Rptr. 411, 557 P.2d 995]; *People* v. *Prater* (1977) 71 Cal.App.3d 695, 700 [139 Cal.Rptr. 566].) In *Edwards*, which was determined under the Indeterminate Sentence Law, the court noted that it was unnecessary to state reasons for denial in light of a fully developed appellate record which can form the basis for determining the merits of a claim that denial of probation constituted a prejudicial abuse of judicial discretion. (*People* v. *Edwards, supra*, 18 Cal.3d at pp. 804-805.) Nonetheless, appellant suggests that *Edwards* was decided before the Determinate Sentencing Act became operative, and that California Rules of Court, rules 405(f) and 439(d), have changed this result and require that reasons for denying probation be stated on the record. Fur-

---

[1]At oral argument, respondent suggested that appellant had waived challenging application of the aggravating factors to the facts before the trial court by not objecting below. This argument lacks viability for three reasons. First, respondent's argument is untimely; it was never raised or briefed prior to oral argument. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 487, p. 4440.) Second, there is no indication that waiver principles apply to a *sentencing* hearing (see Evid. Code, § 353); appellant correctly points out that his contentions resemble a challenge to the sufficiency of the evidence, an argument not barred on appeal. Third, many of appellant's arguments question the validity of certain aggravating factors, which would not be precluded by waiver principles.

[2]The Determinate Sentencing Act is found in Penal Code section 1170 et seq. (Stats. 1976, ch. 1139, § 273.)

ther, appellant advances that the trial judge did not adequately discuss any reasons for imposing imprisonment as a sentence choice.

Penal Code section 1170, subdivision (c), mandates that the court shall state the reasons for its sentencing choice on the record at the time of sentencing. Pursuant to Penal Code section 1170.3, the Judicial Council has adopted rules to guide the criteria used by trial judges at the time of sentencing. Rule 405(f) of the California Rules of Court defines sentence choice as "selection of any disposition of the case which does not amount to a dismissal, acquittal, or grant of a new trial." The rule further specifies that "It includes the *granting of probation* and the suspension of imposition or execution of a sentence." (Italics added.) Rule 439(d) provides that "Selection of the middle term does not relieve the court of its obligation under section 1170(c) to state the reasons for imprisonment as its sentence choice." Although Penal Code section 1170, subdivision (c), requires that reasons for a sentencing choice be placed on the record, we are of the opinion that rules 405(f) and 439(d) do not require that reasons for denial of probation be stated orally by the sentencing judge. The advisory committee comment to rule 443 explicitly rejects appellant's contention in the following words: "Neither section 1170(c) nor these rules requires the judge to give reasons explaining why possible dispositions were rejected; for example, the judge must state his reasons for imposing a prison sentence, but need not explain why he denied probation and did not commit an eligible youth to the Youth Authority." (23 West's Ann. Court Rules (1979) supp. pamp.) p. 46; Deering's Cal. Codes Ann. Court Rules (1980 cum. supp.) p. 24.) Since the relevant sentence choice is imprisonment, it can be ascertained that the denial of probation is implicitly explained from the judge's choice in levying jail as a sentence choice. This approach also comports with the rationale of *Edwards.* As long as a court clearly indicates its reasons for imposing the prison term, the record on appeal adequately affords a basis for determining whether the denial of probation was an abuse of discretion. We find nothing in the Judicial Council rules promulgated under the Determinate Sentencing Act which commands a different result here.[3]

■ Appellant then contends that the trial judge erred in specifying reasons for *imprisonment* as a sentence choice. While the judge did

[3]We also note that the *Edwards* holding has been reiterated by the California Supreme Court in cases arising after the passage of the Determinate Sentencing Act. (See, e.g., *People* v. *Drew* (1978) 22 Cal.3d 333, 352, fn. 15 [149 Cal.Rptr. 275, 583 P.2d 1318]; *In re John H.* (1978) 21 Cal.3d 18, 24 [145 Cal.Rptr. 357, 577 P.2d 177].)

commit initial error under the standard we enunciated in *Turner*, we find it was subsequently cured when he listed the factors causing him to aggravate appellant's sentence.

In *People* v. *Turner, supra*, 87 Cal.App.3d 244, a sentencing judge imposed the aggravated term by orally stating that he had read the probation report and followed its recommendation of imposing an upper term (which was based on specific factors listed in Cal. Rules of Court, rule 421). Appellant suggested that the trial court failed to state facts and reasons for the imposition of the upper term; whereas respondent asserted that the trial court may incorporate the probation officer's report by reference for purposes of satisfying the requirement of stating facts and reasons which justify imposition of an aggravated term. We rejected this argument, finding that "an incorporation by reference is not a statement of facts and/or reasons by the court and is obviously not on the record" and that such procedure precludes meaningful appellate review. (*People* v. *Turner, supra*, 87 Cal.App.3d at p. 247.)

Applying *Turner* to the instant case, we find that the sentencing judge mistakenly incorporated the probation officer's views as reasons for imposing imprisonment upon appellant. The record shows that the judge imposed imprisonment after "having read and considered the Probation report...." However, we find that this initial error was cured when the sentencing judge then listed reasons for aggravating the jail term. Rule 441(a) of the California Rules of Court clearly establishes that a fact considered and used by the sentencing judge in deciding to deny probation may be used to impose an upper term of imprisonment. Given the explicit enumeration of aggravating factors by the trial judge, it becomes clear why he imposed imprisonment as his sentencing choice. These reasons effectively related back and cured any initial error in baldly incorporating the probation report, since the reasons for aggravation were borrowed from the probation report and demonstrated why jail was picked as the sentencing alternative. Since meaningful appellate review was effectuated by subsequently listing the aggravating factors, we find that the reasons for aggravation more than justify the judge's decision to imprison appellant and deny him probation.[4]

---

[4]Appellant suggests that it is conjectural for us to speculate that the aggravating factors were also used as a reason for imprisonment. This contention has no merit when it is recognized that the sentencing judge referred to the probation report and that same report formed the basis for the imposition of the upper term. It would be onerous for the sentencing judge to ritualistically indicate that he was using the aggravated term for the initial sentencing choice and then repeat that magic term when stating his rea-

Appellant next contends that the trial court abused its discretion in imposing the aggravated term for robbery. He advances several reasons for resentencing; upon examination, we conclude that his points have no merit.

He first contends that it was improper to consider a threat of great bodily harm as a factor of aggravation. We disagree.

California Rules of Court, rule 421(a)(1), lists threat of great bodily harm as a factor which can be considered for purposes of aggravation. It is undisputed that the sentencing judge here utilized this as one of the factors in imposing the upper term. Since robbery involves a use or a threat of force, appellant urges that it was improper to utilize this aggravation factor in the present case, since the amount of force threatened or used was no greater than that which is present in any typical robbery. Instead, appellant apparently argues that the force threatened must be *considerably greater* than the minimum necessary for the commission of a robbery. We reject appellant's invitation to clarify the nature of this factor in robbery cases.

Appellant is apparently concerned with the fact that "threat of great bodily harm" is somewhat broad and might be applied by judges in an arbitrary manner. (See *People* v. *Nelson* (1978) 85 Cal.App.3d 99, 104 [149 Cal.Rptr. 177] (conc. opn. of Reynoso, J.).) Although appellant suggests that "considerably greater than minimum robbery force" is a preferable approach, he implicitly recognizes that a judicial determination of the magnitude of a threat involves an examination of the total milieu surrounding the commission of the crime. Since his test is subject to abuse by trial judges, we find that application of rule 421(a)(1) can be adequately reviewed by applying the abuse of discretion standard.

■ The element of fear for purposes of robbery is satisfied when there is sufficient fear to cause the victim to comply with the unlawful

sons for aggravation. (Accord *People* v. *Eades* (1979) 95 Cal.App.3d 688, 691 [157 Cal.Rptr. 223].)

In the recent case of *People* v. *Arceo* (1979) 95 Cal.App.3d 117 [157 Cal.Rptr. 10], the court found a violation of *Turner* when the court adopted a probation officer's report and imposed the middle term of imprisonment for a certain crime. The court found that the judge did not state reasons for the prison sentence, because reference to the probation report was insufficient. (*People* v. *Arceo, supra,* at p. 121.) Unlike *Arceo,* the sentencing judge here did state aggravating factors which cured any initial failure to explicate the reasons behind his sentence choice of imprisonment.

demand for his property. (See 1 Witkin, Cal. Crimes (1963) Crimes Against Property, § 440, p. 407.) As respondent aptly points out, the elements of force and fear do not need to be extreme for purposes of constituting robbery. (See *People* v. *James* (1963) 218 Cal.App.2d 166, 169-170 [32 Cal.Rptr. 283] [fear element]; *People* v. *Roberts* (1976) 57 Cal.App.3d 782, 787 [129 Cal.Rptr. 529], disapproved on another point, *People* v. *Rollo* (1977) 20 Cal.3d 109, 120, fn. 4 [141 Cal.Rptr. 177, 569 P.2d 771] [force element].)

This means that the threat of bodily harm can frequently exceed the minimum requirement necessary for purposes of establishing robbery, (See *People* v. *Cortez* (1980) 103 Cal.App.3d 491, 496 [163 Cal.Rptr. 1] ["While robbery is the taking of property in the possession of another, from his person or immediate presence and against his will, accomplished by means of force or fear, the particular means of force or the manner in which fear is imparted is not an element of robbery. The means of accomplishing the crime are facts relating to the crime within the meaning of rule 421(a)."].)

■ Although a judge does not have unbridled discretion in determining that a threat of great bodily harm accompanied a robbery, we find the use of this factor in the present case was justified. The record reveals that appellant and two others forcibly broke into the victim's home, despite his attempts to hold the door closed. All the assailants were armed with instrumentalities which had the potential of causing harm; appellant was at least in possession of a walking cane. At some point in time, appellant struck the victim with a cane, causing him minor injury. Moreover, the victim was forced to divulge his money at knife point and was subsequently shoved aside following seizure of his radio. Under these circumstances, it was proper for the trial court to find that the victim was threatened with great bodily harm. This determination was not an abuse of discretion in the context of the present case.

■ Appellant then contends that being armed with or using a deadly weapon during the offense is not a valid factor of aggravation. We disagree.

California Rules of Court, rule 421(a)(2), allows aggravation in circumstances where "The defendant was armed with or used a weapon at the time of the commission of the crime, whether or not charged or

chargeable as an enhancement under section 12022 or 12022.5." The instant case reveals that appellant was armed with a weapon—a walking cane—at the time of the crime. Nonetheless, appellant contends that this rule is invalid. He advances two arguments as support for this position: (1) the Legislature did not intend that facts subject to enhancement would be used as factors of aggravation; and (2) imposition of an aggravated term in instances where an enhancement could have been pleaded and proven is a denial of equal protection. Upon examination, we find that there is no statutory or constitutional infirmity with rule 421(a)(2).

Penal Code section 1170, subdivision (b), provides in relevant part that: "The court may not impose an upper term *by using the fact of any enhancement* upon which sentence is imposed under Section 667.5, 1170.1, 12022, 12022.5, 12022.6, or 12022.7." (Italics added.) Of the enhancements mentioned in the Determinate Sentencing Act, all but the upper-term enhancement (under § 1170, subd. (b)) must be pled and proven beyond a reasonable doubt. (See Pen. Code, § 1170.1, subd. (e).) Nevertheless, California Rules of Court, rule 439(b), provides that circumstances in aggravation and mitigation are established by a preponderance of the evidence. Because enhancements under Penal Code section 12022[5] have a higher standard of proof, appellant argues that this evinces a legislative intent to not use weapon factors in aggravation, where lesser procedural protections apply. We are not persuaded.

As noted earlier, the wording of Penal Code section 1170, subdivision (b), provides that "The court *may not impose an upper term by using the fact of any enhancement* [mentioned under certain provisions of the Penal Code]." (Italics added.) Notwithstanding appellant's assertion to the contrary, the statutory language suggests that the Legislature contemplated that facts used for purposes of enhancement could also be used for imposing upper terms. Such a provision shows that the Legislature intended that there be an elective function when utilizing such

---

[5]Appellant notes that Penal Code section 12022, subdivision (a), provides for a one-year enhancement when a person is armed with a firearm in the commission of the offense, whereas companion section 12022, subdivision (b), levies a one-year enhancement when a person uses a deadly or dangerous weapon in the commission of an offense. This one-year increase in the term is identical to the increase imposed when circumstances of aggravation are found by the trial judge on a robbery charge. Since appellant's conviction, the upper term for robbery has been increased to five years (rather than the former term of four years). (See Pen. Code, § 213; compare Stats. 1976, ch. 1139, § 138, p. 5100 *with* Stats. 1978, ch. 579, § 7.)

circumstances, although it prohibited a dual use of the facts. This was also recognized in *People* v. *Roberson* (1978) 81 Cal.App.3d 890, 893 [146 Cal.Rptr. 777], where the court stated: "If the armed allegation is determinative for the court in finding aggravation then it must decide whether this fact is to be used to aggravate or to enhance, *one or the other*, but not both as was done here." (Italics added.)

Furthermore, there is no indication that the Legislature intended to preclude an application of a less stringent standard of proof to aggravation factors. In 1977, the Legislature established the reasonable doubt standard for enhancements. (Pen. Code, § 1170.1, subd. (e); see Stats. 1977, ch. 165, § 17.) Nevertheless, the Legislature did not establish a standard of proof to govern findings of aggravation. Pursuant to its power as a rule-making body, the Judicial Council drafted rule 439, which establishes the preponderance-of-evidence standard for proof of aggravation. The advisory committee comment to this rule notes: "[Under the Determinate Sentencing Act] the legislative intent is that, when imprisonment is the sentence choice, the middle term is to constitute the average or usual term. The rule clarifies this intent by specifying that the presence of circumstances justifying the upper or lower term must be established by a preponderance of the evidence, and that those circumstances must outweigh offsetting circumstances. Proof by a preponderance of the evidence is the standard in the absence of a statute or a decisional law to the contrary (Evid. Code, § 115), and appears appropriate here, since there is no requirement that sentencing decisions be based on the same quantum of proof as is required to establish guilt. [Citation.]" (23 West's Ann. Court Rules (1980 supp. pamp.) p. 49; Deering's Cal. Codes Ann. Court Rules (1980 cum. supp.) p. 26.) As this passage indicates, the Judicial Council was merely filling in a gap left by the Legislature about the proper standard of proof to be used in determining aggravation. The fact that existent enhancements had to be proven by a reasonable doubt does not indicate the Legislature intended that standard to be applied to proof of upper terms; it merely demonstrates a legislative silence which was adequately cured by rule making from the Judicial Council. The adoption of the preponderance-of-evidence standard was reasonable in the absence of any controlling statute.

Since rule 421(a)(2) is not inconsistent with the penal framework provided by the Legislature, we uphold its validity as a factor to be used *in determining upper terms*.

■ Appellant then contends that rule 421(a)(2) of California Rules of Court suffers from infirmities of a constitutional nature. First, he argues that there is a denial of equal protection when proof of a fact beyond a reasonable doubt can be avoided by the simple expedient of using the fact for aggravation rather than enhancement. Second, he contends that the preponderance-of-evidence standard for proof of aggravation constitutes a violation of due process rights. We are not persuaded.

Appellant argues that the sentencing procedure creates an irrational distinction between those persons subjected to an enhancement (which is governed by the reasonable-beyond-doubt standard) and those committing the same crimes whose sentences are increased by aggravating circumstances (proof of which is established by a preponderance of the evidence). Since aggravation is subject to less stringent procedural standards, he urges that equal protection problems arise when a prosecutor seeks a one-year enhancement for use of a weapon in one case under section 12022, subdivision (b), and a one-year aggravation in similar cases under California Rules of Court, rule 421(a)(2).

The equal protection issue raised by appellant was cogently answered by the court in *People* v. *Nelson, supra*, 85 Cal.App.3d 99. In that case, the court initially found that the defendant had no standing to complain of a deprivation of equal protection. Nonetheless, it also discussed the merits of the equal protection contention. The *Nelson* court found no infirmity, based on the following reasoning: "The different burdens of proof [between enhancements and circumstances of aggravation] reflect the legislative distinction between proof of a fact requiring a *mandatory* increase in sentence and a recognition of circumstances warranting the *discretionary* imposition of a more severe punishment for the commission of a crime in an aggravated manner. These two fundamentally different objectives fully support the Legislature's discrete treatment." (*People* v. *Nelson, supra*, 85 Cal.App.3d at pp. 103-104.) In line with *Nelson*, we also are of the opinion that the different standards are justified because of the mandatory obligation to impose an enhancement as opposed to the discretionary judgment involved in levying an upper term.[6]

---

[6]Appellant suggests that the mandatory-discretionary dichotomy is erroneous, since the court has discretion to strike an enhancement under Penal Code section 1170.1, subdivision (g). That provision provides that the court *may* strike an additional punishment for certain enhancement *if* it determines that "there are circumstances in

We also find that the dichotomous treatment of enhancements and aggravating circumstances is justified on another ground. Although appellant refers to the fact that Penal Code section 12022 and California Rules of Court, rule 421(a)(2) both resulted in the imposition of an added term of one year at the time of his sentencing, he fails to note that enhancements could have resulted in added terms beyond that provided by aggravation. For example, enhancement under Penal Code section 12022.5 carried an added term of two years, while aggravation for firearm use merely resulted in an increased term of one year when appellant was sentenced. Since aggravation under rule 421(a)(2) frequently worked to the defendant's benefit, it was rational to impose a less stringent standard of proof than that which was used for purposes of proving enhancements.[7]

■ Appellant then contends that the sentencing procedure provided by Penal Code section 1170, subdivision (b), and further clarified by rule 439 of California Rules of Court, deprived him of his constitutional rights of adequate notice, trial by jury, confrontation and proof beyond a reasonable doubt. This due process contention has been extensively explored and rejected in the cases of *People v. Nelson, supra*, 85 Cal. App.3d 99, 102-103, and *People v. Betterton* (1979) 93 Cal.App.3d 406, 410-413 [155 Cal.Rptr. 537]. Since these opinions cogently answer appellant's argument, we uphold the preponderance-of-evidence standard which is used in determining the propriety of aggravation and mitigation during sentencing.

■ Appellant next contends that it was improper to base aggravation on the vulnerability of the victim, because this factor is invalid on grounds of vagueness. We disagree.

---

mitigation of the additional punishment and states on the record its reasons for striking the additional punishment." (Italics added.) A close reading of this section shows that this discretion is only invoked once there are mitigation factors; in the absence of these circumstances, the judge has a mandatory obligation to impose the enhancements.

[7]Appellant's fear that prosecutors will seek aggravation (rather than enhancements) is probably unrealistic. Although aggravating circumstances are easier to prove, a prosecutor is more likely to seek enhancement, since the sentencing judge *must enhance* if the facts are proven. (See discussion, *ante*.) Even if aggravation is shown, the judge still retains discretion in imposing the upper term. Thus, it is probable that prosecutors will prefer to prove enhancements, thereby avoiding the discretion possessed by trial courts when confronted with circumstances of aggravation. Furthermore, courts can adequately monitor prosecutorial misconduct in this area by applying the dual-use-of-facts prohibition. (See *People v. Smith* (1980) 101 Cal.App.3d 964, 967 [161 Cal.Rptr. 787].)

California Rules of Court, rule 421(a)(3), provides that aggravation can be based on the fact that "The victim was particularly vulnerable." Appellant argues that a more limited interpretation should be applied; the victim's personal characteristics, such as age, or physical handicap, et cetera, should be the sole reason for finding a victim "particularly vulnerable." He further asserts that a broader application would make the rule applicable to virtually all cases, making it impossible to distinguish truly aggravated offenses from typical violations. Because of this overbreadth in scope, he implicitly suggests that the rule is invalid. (Cf. Uelmen, *Proof of Aggravation Under the California Uniform Determinate Sentencing Act: The Constitutional Issues* (1977) 10 Loyola L.A. L.Rev. 725, 734-735.) We reject appellant's invitation to narrow the interpretation of the rule. In addition, we find that it is not invalid on grounds of vagueness.

In finding vulnerability, the trial judge indicated that the victim was in his own home when assaulted and robbed by appellant and the two other individuals. Rather than merely focus on the victim's physical traits, it was quite proper to consider the total milieu in which the commission of the crime occurred. Although appellant asserts that a home is a safe place of refuge (thereby negating any inference of vulnerability), it was proper for the trial judge to find otherwise, since the victim was isolated and not subject to help from individuals who were passing by. The fact that vulnerability encompasses more than age or physical traits justifies a rejection of appellant's narrow construction of the rule.

Two other opinions have recognized that the setting of the crime has importance in determining vulnerability. In *People* v. *Hawk* (1979) 91 Cal.App.3d 938, 941 [154 Cal.Rptr. 773], the court determined that the victim was vulnerable because she was smaller in size than defendant *and* defendant assaulted her while she was alone in an apartment. Further, the court in *People* v. *Eades, supra*, 95 Cal.App.3d 688, 690, directly rejected the narrow interpretation advocated by appellant here. In that case, the trial court based an aggravation on the fact that a defendant, without warning or apparent motivation or provocation, shot the victim twice at point-blank range. Since the victim was unaware of the possession of the weapon and could not protect himself from the defendant's action, the appellate court found that the sudden and isolated manner of the killing were circumstances which demonstrated a particular vulnerability.

Like *Hawk* and *Eades*, the victim in the present case was apparently surprised by the sudden assault of appellant and his two companions. In addition, it is undisputed that he was alone in his home, thereby increasing his susceptibility to a successful attack. His likelihood of gaining help from other individuals or fleeing from the scene was greatly diminished by the confinement in his home. These factors more than adequately demonstrate the vulnerability of the victim. In accord with other California authority, we also condone a consideration of factors other than a victim's personal characteristics in assessing vulnerability. Since this determination will always involve some degree of discretion, we are of the opinion that rule 421(a)(3) is not void for vagueness.[8] Moreover, the trial court's finding of vulnerability here was wholly proper.

■ Appellant then contends it was error for the trial court to rely on premeditation as a factor in aggravation. We disagree.

Rule 421(a)(8) of California Rules of Court states that "The planning, sophistication or professionalism with which the crime was carried out, or other facts, indicat[ing] premeditation" may be considered as a circumstance in aggravation. Appellant suggests that there is no evidence of planning or execution in the present case which sets it apart from any other robbery. We are not persuaded.

· The facts recited in the probation report indicate that appellant engaged in concerted action with his fellow assailants. Although appellant suggests that it would be an overstatement to call the crime sophisticated or professional, there is evidence from which a permissible inference of planning can be drawn. The record shows that all three suspects physically forced the door open when the victim attempted to halt their entry. In addition, all three individuals (including appellant), were in possession of walking canes. After seizing money and the portable radio, all three suspects exited the trailer and left the area on foot. This

---

[8]In *People v. Smith* (1979) 94 Cal.App.3d 433, 436 [156 Cal.Rptr. 502], the court outright rejected the contention that California Rules of Court, rule 421(a)(3) is vague. It clarified the meaning of the language in that section: "Particularly, as used here, means in a special or unusual degree, to an extent greater than in other cases. Vulnerability means defenseless, unguarded, unprotected, accessible, assailable, one who is susceptible to the defendant's criminal act. An attack upon a vulnerable victim takes something less than intestinal fortitude. In the jargon of football players, it is a cheap shot." The trial judge in the present case properly concluded that Diaz was particularly vulnerable, since he was *unusually susceptible* in being "alone in his single room trailer."

demonstrates more than a random amalgamation of individuals, clearly indicating a preplanned scheme to rob a particular victim. Thus, the trial court was correct in aggravating the offense based upon the factor listed in rule 421(a)(8).

■ Appellant finally contends it was erroneous to impose aggravation on the ground that he had a prior record exhibiting commission of crimes which were numerous or of increasing seriousness. We disagree.

Rule 421(b)(2) provides that a defendant's prior convictions as an adult or adjudications of commission of crimes as a juvenile which are numerous or of increasing seriousness are personal characteristics which can be used for aggravation. It is undisputed that appellant had two juvenile adjudications for possessing alcoholic beverages in a vehicle and had prior adult convictions for petty theft and driving without a license. Appellant argues that the court erred in basing its sentence on these facts. His arguments lack merit under the circumstances of the present case.

Appellant's contention that rule 421(b) is inconsistent with Penal Code section 1170, subdivision (b), because it bases aggravations on personal characteristics as opposed to the crime itself, was rejected in *People* v. *Cheatham* (1979) 23 Cal.3d 829, 831 [153 Cal.Rptr. 585, 591 P.2d 1237]. The court specifically concluded: "...that the Legislature intended the sentencing court to consider the defendant's prior history and record, as well as facts relating to the commission of the crime, in determining whether there are circumstances that justify imposition of the upper or lower term." (*Id.*, at p. 836.)

Having disposed of appellant's invalidity argument, we now address whether the rule is too vague and leads to anomalous results in its application. Appellant initially concedes that the robbery here is more serious than appellant's prior conviction for petty theft. Nonetheless, he argues that rule 421(b)(2) only has validity in instances where the prior record demonstrates a true pattern of increasingly serious crimes as opposed to a record of a few minor offenses followed by the commission of a serious crime. For example, he suggests that this factor produces the absurdity of allowing his robbery offense to be aggravated while the robbery conviction of a prior murderer would not be similarly aggravated, since the robbery would be less serious than the prior offense. This argument lacks viability when it is noticed that such a situation is covered by rule 421(b)(1) which allows aggravation in instances where

there is "a pattern of violent conduct which indicates a serious danger to society." Since appellant escalated from committing petty thefts to participating in a robbery, there was pragmatic justification for finding that appellant was committing crimes of an increasingly serious nature. This is amply supported by the juvenile and adult arrest data on appellant. Since aggravation can be based in part on an arrest record (see *People* v. *Taylor* (1979) 92 Cal.App.3d 831, 833 [155 Cal.Rptr. 62]), his prior criminal history, which demonstrated the commission of increasingly serious crimes, indicates that no error was made in using this factor as a basis for aggravation.

Having determined that proper factors were specified by the judge as reasons for aggravation, it is unnecessary to address appellant's argument that the case must be remanded for resentencing whenever even *one* improper factor is utilized.

The judgment is affirmed.

Franson, Acting P. J., and Hopper, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 16, 1980.