Filed 10/27/15  P. v Hess-Page CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C077160 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF13644) |
| v. | |
| BRYAN MATTHEW HESS-PAGE, | |
| Defendant and Appellant. | |

After a court trial, defendant Bryan Matthew Hess-Page was convicted of second degree robbery (Pen. Code, § 211; count 1; unless otherwise stated, statutory references that follow are to the Penal Code) and misdemeanor possession of marijuana (Health & Saf. Code, § 11357; subd. (c); count 3).  The court did not sustain a knife-use allegation (§ 12022, subd. (b)) in connection with count 1 and acquitted defendant on count 2 (another count of robbery).  The trial court found true a prior conviction [2011 first

1

degree burglary] within the meaning of sections 667, subdivisions (a), (b)-(i)/1170.12, and 667.5, subdivision (b).

Sentenced to state prison, defendant appeals, contending insufficient evidence supports his robbery conviction. We reject this contention. Defendant also challenges the court's imposition of a one-year prior prison term enhancement for the same prior serious felony for which a five-year enhancement was imposed. We agree and will modify the judgment, striking the one-year prior prison term enhancement.

FACTS AND PROCEEDINGS

On October 17, 2013, Victor Saldana received a text message from defendant in response to his ad on Craigslist offering to sell his cell phone for $150. Saldana provided his home address to defendant and when he got home, defendant was waiting in his car. Saldana walked up to defendant, the lone occupant and driver of the car, who Saldana recognized. Saldana had previously purchased a game console from defendant. Defendant explained he was staying in his car because he was cold. He asked to see the phone to make sure it operated. Saldana handed his cell phone to defendant, explaining that the phone was still activated in Saldana's name. Defendant asked Saldana to write down the information required to deactivate it. Saldana started to write his name on a piece of paper and asked defendant for the money.

Defendant started to hand the phone back to Saldana. When Saldana grabbed the phone, defendant did not let go and they both held onto the phone. Defendant started to drive away, "peel[ing] his tires," with Saldana's cell phone and with Saldana holding onto the car. Defendant accelerated and one of his hands was near the gear shift where Saldana believed he saw a knife with a four- to six-inch blade. Saldana let go of the phone when he saw the knife. Saldana held onto the moving car for five to eight seconds as defendant sped away.

2

Saldana called the police and made a report.  Defendant left black tire marks on the street from his tires.  Two weeks later, Saldana saw defendant on Facebook.  Saldana then identified defendant from a photo lineup.  When defendant was arrested, he spontaneously asked if he was under arrest for a cell phone and yelled at his girlfriend to say he had purchased the cell phone.  Marijuana was found in a backpack in defendant's car.

Defendant testified at trial and claimed he paid Saldana for the cell phone.  Defendant denied leaving tire marks on the street.  Defendant admitted prior felony convictions.

DISCUSSION

I

*Sufficiency of the Evidence*

Defendant challenges the sufficiency of the evidence to support his robbery conviction.  Defendant contends he did not use force or fear to gain possession of the cell phone and that he committed theft, not robbery.  He concedes the evidence reflects that when he kept the phone, Saldana grabbed and held onto it while defendant drove away, and Saldana released the cell phone only after he thought he saw a knife.  Defendant claims his retention of the cell phone by force or fear does not constitute a robbery and that *People v. Estes* (1983) 147 Cal.App.3d 23 (*Estes*) is not supported by the plain meaning of section 211 and the common law of robbery.

Defendant discusses several cases, including Michigan and Tennessee cases, but fails to discuss in his opening brief case law such as *People v. Gomez* (2008) 43 Cal.4th 249 (*Gomez*) a holding that is binding on this court.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 (*Auto Equity Sales*).)  We note that, in his reply brief, defendant claims *Gomez* is not on point because it analyzed the "immediate presence" element of the crime and did not consider "the common law definition of robbery or

3

Legislature's intent in 1872." But *Gomez* commented in a footnote that section 211 was enacted in 1872 and incorporated common law robbery elements, citing *People v. Tufunga* (1999) 21 Cal.4th 935, 945-947. (*Gomez, supra*, 43 Cal.4th at p. 254, fn. 2.)

Based on the long-accepted definition of robbery in California, we conclude that sufficient evidence supports defendant's conviction for second degree robbery.

In reviewing the sufficiency of the evidence, we "review[] the entire record in the light most favorable to the prosecution to determine whether it contains evidence that is reasonable, credible, and of solid value, from which a rational trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Kipp* (2001) 26 Cal.4th 1100, 1128.)

"Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.)

*Gomez, supra*, 43 Cal.4th 249 explained that robbery is a continuing offense and considered case law that discussed the "interaction of the taking element of larceny with the aggravating factors that elevate a theft to a robbery." (*Id*. at pp. 255-265.) The taking must be achieved by the use of force or fear, and the taking must be from the person or the person's immediate presence. The element of "taking" has two parts, "caption" or obtaining possession of the property, and "asportation," or carrying it away. (*Id*. at pp. 254-255.) *Gomez* held: "[A] taking is not over at the moment of caption; it continues through asportation . . . . [A] robbery can be accomplished even if the property was peacefully or duplicitously acquired, if force or fear was used to carry it away." (*Id*. at p. 256, citing *People v. Anderson* (1966) 64 Cal.2d 633 (*Anderson*).) *Gomez* further held, " '[M]ere theft becomes robbery if the perpetrator, having gained possession of the property without use of force or fear, resorts to force or fear while carrying away the loot.' " (*Gomez, supra*, 43 Cal.4th at p. 257, quoting *People v. Cooper* (1991) 53 Cal.3d 1158, 1165, fn. 8 (*Cooper*); see also *Estes, supra*, 147 Cal.App.3d at pp. 27-28.) We

4

further note that defendant does not cite or discuss *Cooper*, another holding that is binding on this court. (*Auto Equity Sales*, *supra*, 57 Cal.2d 450.)

The "person or immediate presence" element of Penal Code section 211 may occur when the property is captured as well as when it is asported, because robbery is a continuing offense. "If the aggravating factors are in play at any time during the period from caption through asportation, the defendant has engaged in conduct that elevates the crime from simple larceny to robbery." (*Gomez, supra*, 43 Cal.4th at p. 258.)

*Gomez* relied on *Estes*. (*Gomez, supra*, 43 Cal.4th at pp. 258-260.) In *Estes, supra*, 147 Cal.App.3d 23, the defendant entered a department store wearing only a T-shirt and jeans. A store security guard saw the defendant take clothing and wear it out of the store without paying. The guard confronted the defendant in the parking lot and asked the defendant to return to the store. The defendant refused and walked away. When the guard tried to detain the defendant, the defendant pulled out a knife, swung it at the guard, and threatened to kill the guard. (*Id.* at p. 26.) *Estes* rejected the defendant's contention that the clothing was not taken from the guard's immediate presence. (*Id.* at p. 27.) *Estes* held, "[A] robbery occurs when defendant uses force or fear in resisting attempts to regain the property or in attempting to remove the property from the owner's immediate presence regardless of the means by which defendant originally acquired the property." (*Id.* at pp. 27-28.) The defendant claimed that because his assaultive conduct was not contemporaneous with the taking, he was guilty of petty theft and assault. In rejecting this claim, *Estes* explained that robbery is a continuing offense and was not divisible into separate acts. (*Id.* at p. 28.)

*Gomez* noted that it had "cited *Estes* with approval in *Cooper* for its discussion regarding the temporal aspect of the force and fear element of robbery." (*Gomez, supra*, 43 Cal.4th at p. 260.) In rejecting the defendant's complaint that the court, rather than the Legislature, had expanded the definition of robbery, *Gomez* stated, "No expansion is

5

involved. California has described robbery as a continuing offense for decades." (*Id.* at p. 261.)

The facts here are more akin to those in *Anderson, supra*, 64 Cal.2d 633. The defendant entered a pawn shop and asked to examine a rifle and ammunition. The sales clerk produced the items for the defendant. While the clerk was totaling the purchase price, the defendant loaded the rifle and pointed it at the clerk. The clerk ducked behind a counter and stopped trying to retrieve the property. (*Id.* at pp. 635-636.) *Anderson* concluded sufficient evidence supported the defendant's robbery conviction, rejecting the defendant's claim that his acquisition of the gun without force or fear was not a robbery. (*Id.* at p. 638.)

*Anderson* involved the defendant's peaceful caption of the rifle and ammunition from the immediate presence of the clerk and the defendant's use of force or fear in asportation. The same is true here. Defendant asked to see Saldana's cell phone to ensure that it operated and Saldana handed the cell phone to defendant. Defendant asked Saldana for information to deactivate the cell phone and Saldana asked for payment for the cell phone. Defendant started to return the cell phone but when Saldana grabbed it, defendant held onto it and started to drive away. Saldana thought he saw a knife next to the gear shift and was frightened enough that he released his grip on the cell phone but hung onto defendant's car. Although the trial court determined the prosecutor had not proven beyond a reasonable doubt that defendant personally used a knife in commission of the robbery, the fact remains that Saldana became afraid when he thought he saw a knife and released his grip on the cell phone.

"The element of fear for purposes of robbery is satisfied when there is sufficient fear to cause the victim to comply with the unlawful demand for his property." (*People v. Ramos* (1980) 106 Cal.App.3d 591, 601-602, disapproved on other grounds in *People v. Scott* (1994) 9 Cal.4th 331, 353, fn. 16, 356.) The victim's fear is subjective,

6

meaning the victim was in fact afraid. (*People v. Anderson* (2007) 152 Cal.App.4th 919, 946.)

"In order to find 'true' a section 12022(b) allegation, a fact finder must conclude that, during the crime or attempted crime, the defendant himself or herself *intentionally displayed in a menacing manner* or struck someone with an instrument capable of inflicting great bodily injury or death. [Citations.]" (*People v. Wims* (1995) 10 Cal.4th 293, 302, italics added.)

While there may be insufficient evidence for the knife use allegation, there was sufficient evidence that Saldana was, in fact, afraid. Moreover, Saldana held onto the cell phone as defendant started to drive away and after releasing his grip on the cell phone, Saldana held onto defendant's moving car for five to eight seconds but released his grip on defendant's car as he continued to accelerate to flee the scene with Saldana's cell phone. This was a measure of force "more than that required to seize the property." (*People v. Anderson, supra*, 152 Cal.App.4th at p. 946.)

Defendant used force or fear to resist Saldana's attempts to regain his cell phone or to remove Saldana's cell phone from his immediate presence. Sufficient evidence supports defendant's robbery conviction. (*Gomez, supra*, 43 Cal.4th at pp. 258-260; *Cooper, supra*, 53 Cal.3d at p. 1165 & fn. 8; *Anderson, supra*, 64 Cal.2d at p. 638; *Estes, supra*, 147 Cal.App.3d at pp. 27-28.)

II

*The Prior Prison Term*

Defendant contends the trial court should have stricken the one-year punishment for the prior prison term. We agree.

The court found the same prior felony offense [2011 first degree burglary] to constitute a strike prior (§§ 667, subds. (b)-(i)/1170.12), a prior serious felony conviction enhancement (§ 667, subd. (a)), and a prior prison term enhancement (§ 667.5, subd. (b)).

7

In imposing sentence for robbery, the court imposed the midterm of three years, doubled for the strike prior. The court imposed a consecutive five-year term for the prior serious felony conviction enhancement and imposed but stayed the one-year term for the prior prison term enhancement [the court orally stated it would "impose it and *stay* it pursuant to 1385" (italics added)] because it was the same offense as the prior serious felony enhancement. The abstract and minutes, however, reflect that the one-year prior prison term enhancement was "*stayed . . .* and *stricken* under 1385 PC" because it was the same prior. (Italics added.)

After imposing a consecutive five-year term for the prior serious felony enhancement (§ 667, subd. (a)) for the 2011 first degree burglary conviction, the trial court erred in then imposing but staying, rather than striking, the one-year term for the prior prison term enhancement (§ 667.5, subd. (b)) for the same prior. (*People v. Jones* (1993) 5 Cal.4th 1142, 1150-1153; *People v. Perez* (2011) 195 Cal.App.4th 801, 805.)

Although conceding that "it does appear the same first degree burglary conviction was the source of both enhancements," the People request remand in order for the trial court to clarify whether the same conviction was used for both. We conclude that remand is not required since the record is clear--the same conviction was used for both. We will order the judgment modified, striking the one-year enhancement for the prior prison term.

DISPOSITION

The judgment is modified, striking the one-year term for the prior prison term enhancement. (§ 667.5, subd. (b).) The trial court is directed to prepare an amended abstract of judgment to reflect the one-year term was stricken [not stayed and stricken] and to forward a certified copy to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.


      HULL      , Acting P. J.


We concur:


    MAURO    , J.


    RENNER    , J.

9