[Crim. No. 8774. Fourth Dist., Div. One. June 16, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
JACKIE EUGENE ROBERSON, Defendant and Appellant.

■■■■■■■■■■■■

## COUNSEL

Appellate Defenders, Inc., under appointment by the Court of Appeal, Barry D. Utsinger and Michael Meaney for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Alan S. Meth and Patricia D. Benke, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BROWN (Gerald), P. J.**—Jackie Eugene Roberson pled guilty to using a firearm to rob a Jolly Roger Restaurant (Pen. Code, §§ 211, 12022.5, 1203.06, subd. (a)(1)(iii)) and admitted two prior convictions. He appeals the judgment claiming his sentence was improperly computed.

■ The new sentencing law provides three possible terms: the lowest is to be used where there are mitigating circumstances and the highest when there are aggravating circumstances (Pen. Code, § 1170). Use of a firearm and prior convictions may serve as aggravating circumstances (Cal. Rules of Court, rule 421). Enhancements may be added to the base term after certain findings are made. Two of these are a two-year enhancement for use of a firearm (Pen. Code, § 12022.5) and a one-year enhancement for each prior felony conviction (Pen. Code, § 667.5). However, the finding of gun use or prior conviction may only be used once, that is, either as an aggravating circumstance warranting imposition of the longest term or as an enhancement (Pen. Code, § 1170, subd. (b); Cal. Rules of Court, rule 441(c)). Roberson says the court used the findings for both.

Here Roberson was charged with robbery while armed and being an ex-felon in possession of a concealable firearm (Pen. Code, § 12021). In addition it was alleged he had six prior felony convictions:

1. December 21, 1954—robbery with firearm, second degree burglary

2. June 10, 1957—second degree burglary

3. April 19, 1960—robbery with firearms

■■■■■■■

4. April 10, 1962—robbery with firearms[1]

5. June 17, 1966—assault with a deadly weapon

6. April 19, 1971—possession of firearms after conviction of a felony.

Roberson pled guilty to the robbery and admitted the last two priors. At sentencing the trial court, with regard to the aggravated sentence, said: "[I]t will be the judgment and sentence of this Court that for the crime of robbery in violation of Penal Code section 211, that the Defendant be sentenced to serve a base term of four years, and I am selecting the aggravated upper term for the following reasons: The crime involved the threat of violence and callousness on the part of this Defendant; the crime involved some degree of planning as evidenced by the fact that he had the weapon and a ski mask, as I recall; the facts pertaining to the Defendant are that he is continuing to engage in a pattern of violent conduct and presents a serious danger to society; his prior adult convictions, felony convictions, certainly indicate excessive criminality on his part which would justify the Court selecting the upper term based upon aggravated circumstances." The threat of violence and possession of the weapon as an indication of planning could only be based on Roberson's use of the weapon in committing this very crime; the pattern of violent conduct would be based on the priors.

■ As for the enhancement for being armed, a two-year additional term, the court said: "It has also been charged and admitted that in connection with the crime of robbery, that the Defendant was personally armed with a firearm in violation of 12022.5, and the Court having not relied upon this finding in selecting the aggravated term and finding no facts or factors in mitigation specifically orders that two additional years be imposed for the enhancement called for by this Section, and that the additional two years be served consecutive to the sentence imposed upon the base term." However, this fact had been used to aggravate the crime and could not be used a second time. Although advance planning of the crime as evidenced by the ski mask and his pattern of violent conduct would of themselves be sufficient to find aggravation, the court is not bound to do so. If the armed allegation is determinative for the court in finding aggravation then it must decide whether this fact is to be used to aggravate or to enhance, one or the other, but not both as was done here. The case must be remanded for resentencing.

---

[1]Although listed separately, it was later determined that the 1960 and 1962 convictions were the same.

■ As for the enhancements for prior convictions, a one-year additional term, the court said:

"In addition, the Court will find that it was charged and admitted by the Defendant, prior to the commission of the robbery offense charged in the Information, served separate prison terms exceeding one year for the following crimes: Assault with a deadly weapon and carrying a firearm after being convicted of a felony. And that occurred in Tulsa, Oklahoma in criminal case 21913 and in criminal case 21914 in the year 1966. And the Court not having relied upon that fact, that prior felony conviction in selecting the base term of four years for the robbery and finding no factors in mitigation, specifically orders that one additional year be served for that prior felony conviction.

"The Court will also find that it has been charged and admitted by the Defendant that prior to this robbery he served a separate prison term exceeding one year in Tulsa, Oklahoma for the crime of possession of a firearm after being convicted of a felony which, in this jurisdiction, would meet our California standards and call for punishment in excess of one year. And not having relied upon that prior felony conviction and the service of the prison term in selecting the base term of four years for the robbery and finding no factors in mitigation, specifically orders that an additional one year be imposed for this felony conviction to be served consecutive to the sentences previously imposed for the robbery and the 12022.5 enhancement and the first felony conviction. So that the total effect of these sentences and all of these enhancements will be eight years less any credit for good time."

Unlike the situation with the use allegation, here there were five priors. Two were used as enhancements. The remaining three were sufficient to show a pattern of violent conduct and excessive criminality in support of an aggravated sentence.

Roberson says the enhancement based on his admission of a 1971 "possession of firearm after conviction of a felony" prior conviction must be stricken because it took place in Oklahoma and would not be a felony in California as Penal Code section 667.5, subdivision (f) says it must be. Possession of a firearm by an ex-felon is not a felony in California unless the weapon is concealable (Pen. Code, § 12021), is possessed by a prisoner (Pen. Code, §§ 4502, 4574), or was used in the commission of a prior felony (Pen. Code, § 12560). None of these facts were alleged by the People nor admitted by Roberson. Unless the People

can show this offense was a felony at the resentencing hearing, the prior must be stricken.

The judgment is reversed and remanded for resentencing in harmony with this opinion.

Cologne, J., and Staniforth, J., concurred.

A petition for a rehearing was denied July 3, 1978, and the opinion was modified to read as printed above. Respondent's petition for a hearing by the Supreme Court was denied August 31, 1978. Clark, J., was of the opinion that the petition should be granted.