[Crim. No. 4399. Fifth Dist. Feb. 6, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
MICKEY JOE SMITH, Defendant and Appellant.

COUNSEL

John McDougall, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Willard F. Jones and Jane Kirkland Fischer, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BROWN (G. A.), P. J.—Appellant was convicted after jury trial of robbery (Pen. Code,[1] § 211) with the use of a firearm (§ 12022.5). The trial court sentenced appellant to a four-year upper base prison term with a two-year firearm use enhancement. On appeal from the judgment, appellant's sole contention is that the trial court used the same fact as a basis for the upper term and for a firearm use enhancement.

---

[1]All statutory references herein are to the Penal Code.

At the sentencing hearing, the trial court stated the following facts and reasons for the sentence: "THE COURT: The planning of the crime indicates that it was obviously premeditated. As I indicated heretofore Mr. Gong lost a large sum of money, fifteen thousand three hundred dollars. Defendant was on probation in Municipal Court at the time the crime was committed. The fact that he cocked a pistol is a circumstance in aggravation to this department. So the aggravated term will be selected by the court, obviously cannot be granted probation for the seriousness of the crime. The aggravated term is picked by reason of what the court has stated in the record of four years. It's enhanced by the use of the weapon within the meaning of Penal Code Section 12022.5. Two additional years. Which means a six year total for violation of Section 211 of the Penal Code. Plus the enhancement per Section 12022.5 of two years. He will be sentenced to the Department of Corrections, remanded to the custody of the Sheriff of Kern County to be delivered to the custody of the Director of Corrections at the California Institution for Men at Chino."

At all times pertinent hereto, section 1170, subdivision (b), provided, in relevant part, that "The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under Section . . . 12022.5 . . . ."

In *People* v. *Chambers* (1972) 7 Cal.3d 666 [102 Cal.Rptr. 776, 498 P.2d 1024], the Supreme Court held that where the defendant pointed a gun at his victim and demanded money, he utilized the gun as an aid in completing an essential element of the crime of robbery. Thus, the facts sufficed to support a finding that defendant used a firearm within the meaning of section 12022.5. Obviously, included within the concept of a firearm use is the entire spectrum of conduct between that in *Chambers* and the actual firing of the weapon. The pointing and *cocking* of a firearm falls within this spectrum.

■ Appellant argues that a trial court may not circumvent the dual-use-of-facts prohibition by dividing the totality of the evidence of firearm use into display—sufficient to invoke section 12022.5—and cocking or firing—sufficient to establish, for example, "great violence, . . . threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness or callousness . . . ." (Cal. Rules of Court, rule 421(a)(1).) Respondent argues "Appellant would have been subject to a use enhancement had he only pointed the gun at the victim; cocking it showed

callousness and a great threat of bodily harm much beyond that inherent in the use proscribed by Penal Code section 12022.5."

Respondent's argument is not persuasive. First, while the jury may factually determine that the mere pointing of a gun is a firearm use, section 12022.5 is not so circumscribed and takes in a much broader range of conduct. Since there is no one particular type of firearm use proscribed, it is logically impossible to quantify the amount of callousness and threat of great bodily harm inherent in a "typical" 12022.5 violation.

Second, while *Chambers* held that pointing of a gun coupled with a demand for money sufficed to uphold a firearm use finding, the question whether a use occurred is for the trier of fact, here—and ordinarily—the jury. To the extent that a defendant's conduct transcends mere display of the weapon and approaches actual firing, the likelihood increases that the trier of fact will find that a firearm was used within the meaning of section 12022.5.

Thus, in the instant case, the prosecution obviously relied on appellant's *cocking* of the gun in urging a 12022.5 finding. We cannot speculate as to whether or not this evidentiary factor was determinative for the jury. The prosecution may not rely on the totality of evidence which transcended mere display in order to establish a firearm use at the guilt phase, only to later fragmentize the totality of the sentencing phase.

In sum, we hold that the trial court did improperly use the fact of appellant's firearm use both to impose the upper term and as a basis for a section 12022.5 enhancement. (See *People* v. *Roberson* (1978) 81 Cal. App.3d 890, 893-894 [146 Cal.Rptr. 777].) The question becomes whether a remand for resentencing is required. Respondent asserts that it is not because other, independent aggravating circumstances were established, no mitigating circumstances existed, and there is no indication that the trial court gave any particular weight to the cocking of the gun.

The last point is questionable. That the trial court went to the length of fragmentizing the totality of the firearm use evidence in order to isolate the act of cocking the gun as an aggravating factor would seem to indicate that it was particularly significant. In any event, as to the pres-

ence of other aggravating factors and the absence of mitigating factors, the instant case is on all fours with *People* v. *Roberson, supra*, which remanded for resentencing because it could not be determined whether the twice-used fact was determinative for the sentencing court.

The judgment is reversed for the limited purpose of resentencing in harmony with this opinion. In all other respects, the judgment is affirmed.

Hopper, J., and Zenovich, J., concurred.