[Crim. No. 19228. First Dist., Div. Three. July 24, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
RAY EDWARD REGALADO, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Harriet Wiss Hirsch, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, William D. Stein and J. Patrick Collins, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**DOSSEE, J.**\*—On appeal from a judgment of conviction for burglary, defendant contends that the trial court abused its discretion in imposing the upper term under the determinate sentence law. In particular, it is argued that the court erred in allegedly failing to consider as a circumstance in mitigation (1) that defendant was addicted to narcotics, and (2) that defendant exercised caution to avoid harm to the victim. Lastly, defendant urges that his credit for time served be modified to reflect an accurate computation of one day credit for each two days actually served. We conclude that the judgment must be affirmed and that defendant's valid claim with respect to conduct credits is a matter to be remedied by the Department of Corrections rather than the trial court.

In 1976, defendant was placed on probation for five years for two counts of burglary in the second degree. The standard terms and conditions of probation were imposed along with others which included a condition that he pay restitution to the victims, that he submit to drug testing, that he seek drug abuse counseling and that upon release from custody that he enter the in-patient drug rehabilitation program provided by an organization called "Delancey Street." In 1977, his probation was modified to substitute an outpatient program in place of the Delancey Street program. In 1978, his probation was again modified so as to require that he reenter and complete the Delancey Street program on an in-patient basis and that he not leave without the permission of his probation officer.

On May 14, 1978, defendant left Delancey Street without permission and on the same evening, around midnight, burglarized an inhabited but temporarily empty residence. It was determined that entrance into the residence was gained by breaking a window in the front door and that once inside defendant entered and ransacked the master bedroom. While the burglary was in progress, the victim returned home and

---

\*Assigned by the Chairperson of the Judicial Council.

heard a strange noise in one of the bedrooms. She retreated to the driveway area outside the residence where she then heard defendant rustling through the bushes as he fled from the scene. The police were called and almost immediately apprehended defendant. In addition to burglary, defendant was initially booked for being under the influence of an opiate. (Health & Saf. Code, § 11550.)[1] He was convicted by a jury of first degree burglary (Pen. Code, §§ 459, 460), and the trial court referred the case to the probation department for the preparation of a presentence report. This appeal involves only sentencing issues.

At the time of the instant offense first degree burglary was punishable by imprisonment in the state prison for two, three or four years (Pen. Code, § 461). In sentencing defendant to prison the court was required to order imposition of the middle term unless it found that there existed circumstances in aggravation or mitigation of the crime. "In determining whether there are circumstances that justify imposition of the upper or lower term, the court may consider the record in the case, the probation officer's report,...statements in aggravation or mitigation submitted by the prosecution or the defendant, and any further evidence introduced at the sentencing hearing...." (Pen. Code, § 1170, subd. (b).)

The presentence report prepared by the probation department recited the following circumstances and referred to the applicable sentencing rules of the Judicial Council found in the California Rules of Court:[2]

"*Circumstances in Aggravation*: There appear to be four aggravating factors in that the defendant has engaged in a pattern of conduct which indicates a danger to society (Rule 421(b)(1)). This statement is based on the fact the defendant apparently chose to commit a burglary even though the resident would possibly return momentarily.

"The defendant's prior convictions as an adult are numerous and increasing in seriousness (Rule 421(b)(2)).

"The defendant was on probation when he committed the crime (Rule 421(b)(4)).

---

[1] He was formally charged only with burglary.
[2] Hereafter referred to as "rules."

"The defendant's prior performance on probation was unsatisfactory (Rule 421(b)(5)).

"*Circumstances in Mitigation*: The reported facts relating to the crime itself, as well as the social variables affecting the defendant, do not appear to suggest any mitigating circumstances." At the conclusion of the probation report it was recommended that defendant serve the upper term of four years in state prison.

At the time of sentencing defense counsel urged the trial court to impose the middle term, contending that any aggravating circumstances were offset by the fact that his client was addicted to drugs, was in a drugged state during the commission of the crime, and was not inclined to violence, as exemplified by the facts that he possessed no weapon, deliberately avoided a confrontation with the victim, and offered no resistance when arrested.

After the matter was fully argued, the trial court sentenced defendant to state prison for the upper term of four years. In addition the court revoked defendant's earlier probation and ordered that the term resulting therefrom was to run concurrently with the four-year commitment in the instant case.

The reasons given by the trial court for its sentencing choice are set forth in the following excerpt:

"In connection with the present offense, the Court must deny probation pursuant to 1203(d)(4) because of the defendant's alleged and proved two prior felony convictions, both of which were admitted by the defendant. The Court does not find that this is an unusual case, and therefore 1203(d)(4) requires that probation be denied.

"Probation will be denied, in any event, however, because of the circumstances in aggravation that are listed in the probation report. And also because of the circumstances in aggravation which are substantial in the Court's judgment. The defendant has established clearly a pattern of criminal conduct that he does not seem to be able to break. The defendant has never been to State Prison, which based on his record is possibly surprising, but the Court feels it is quite clear that the circumstances in aggravation offset any suggestion of the middle term.

"There are no circumstances in mitigation, and I don't find that the fact that there was no confrontation in this case, I don't find that to be a mitigation. I just conclude that that is a rather lucky circumstance. There could have easily been.

"The offense in my judgment is quite serious, and I am not suggesting that it would be aggravated just on the basis of the offense, but it is clearly aggravated when you add in the standard of the Judicial Council to require the personal factors criteria consisting of his prior record and his prior performance on probation, as well as employment history and addiction to narcotics, etc.

"Accordingly, probation is denied and the defendant is sentenced to State Prison for the aggravated term, base term as fixed as the upper term at four years. And the degree of the crime is found to be in the first degree."

Defendant argues that the foregoing statement demonstrates that the court erroneously failed to consider as a mitigating factor defendant's drug addiction and his having been under the influence of drugs at the time of the burglary. Defendant further urges that instead of considering the addiction as a mitigating circumstance under rules 423(a)(4) and 423(b)(2), the court erroneously considered this evidence as a circumstance in aggravation. Rules 421 and 423, respectively, set forth various circumstances in aggravation and mitigation. Rules 423(b)(2) and 423(a)(4), respectively, establish as separate circumstances in mitigation factual situations in which a "defendant was suffering from a mental or physical condition that significantly reduced his culpability for the crime" or in which the defendant's "conduct was partially excusable for some other reason not amounting to a defense."

There is ample evidence in the record to show that the court considered whether narcotics addiction should have been used as a mitigating factor. Not only did defense counsel argue this point immediately before sentencing, but in addition the presentence report prepared by the probation department brought the question to the attention of the court wherein it states:

"*Case Evaluation*: Appearing before the Court is a 28-year-old individual who has become repeatedly involved in theft and drug-related offenses. Albeit, the defendant has exhibited an extensive drug dependency in the past, this cannot mitigate his involvement in the instant

offense. The defendant has had numerous opportunities to revamp his lifestyle and complete programs which could remove him from the drug culture, however, has chosen not to take advantage of these opportunities. The defendant is unreliable, does not cooperate readily with authorities and has had numerous opportunities in the past to alter his lifestyle. It is felt there is only one possible alternative in the instant offense as the defendant has already acknowledged and admitted two prior Felony convictions, thus rendering him statutorily ineligible for a grant of probation."[3] In addition, rule 409 provides: "Relevant criteria enumerated in these rules shall be considered by the sentencing judge, and shall be deemed to have been considered unless the record affirmatively reflects otherwise."

The claim defendant truly presses is not that the trial court failed to consider whether his use of narcotics was a mitigating factor; rather, the claim is that the trial judge erred in finding that defendant's drug use had no mitigating value. We reject the claim in this form as well.

Rule 405, subdivision (e) defines "circumstances in mitigation" as "*facts* which justify the imposition of the lower prison term...." (Italics added.) The final paragraph of rule 410 advises that: "The sentencing judge should be guided by statutory statements of policy, the criteria in these rules, and the *facts and circumstances* of the case." (Italics added.) It is perfectly plain that the mere assertion by a defendant that his or her "conduct was partially excusable for...[a] reason not amounting to a defense" (rule 423(a)(4)) or that he or she "was suffering from a mental or physical condition that significantly reduced his culpability for the crime" (rule 423(b)(2)) does not establish that assertion as a fact. It is clear that the sentencing court must make that determination from the facts and circumstances of each particular case. In the instant case, the trial court had to determine first whether defendant's addiction to narcotics was operative when he committed the crime and second, to what extent, if any, it influenced the commission of the crime. If the court believed that defendant's mental or physical condition had contributed to the offense, it then would have been required to have made the most difficult assessment of all, namely whether the defendant's conduct was "partially excusable" or his culpa-

---

[3]The court stated on the record that it had "...read and thoroughly considered the probation report dated January 9, 1979 consisting of eight pages with an attached CI&I report and the statements of two drug programs plus the probation report of the prior case in connection with the probation violation."

bility "significantly reduced" by the use of drugs. Moreover, since individual criteria in the rules have no fixed mathematical values, the court could decide that the mitigating influence, if any, was small. (Cf. *People* v. *Ramos* (1980) 106 Cal.App.3d 591, 601 [165 Cal.Rptr. 179].)

We believe that the facts of the instant case justify the sentencing court's implicit conclusion that defendant's drug use did not influence the commission of the burglary to an extent that "partially excused" its commission. First, defendant's narcotics addiction was a problem which a previous court had attempted to address in placing him on probation after he pled guilty to two counts of burglary in the second degree and one count of receiving stolen property in 1976. In the words of the probation report: "[W]hile on probation, the defendant has been a dismal failure. He has had repeated opportunities to detoxify himself from heroin including the commitment to the Delancey Street Foundation as a result of his last felony conviction in the County of Santa Clara. The defendant did not take advantage of this opportunity, left the program unauthorized although he did attempt to participate in various programs in the Santa Clara valley in 1977 and 1978, including the Serenity House program, he failed to comply with the necessary conditions of his placement...."

Furthermore, two officers testified below with respect to whether defendant was *under the influence* of narcotics when he committed the burglary. One officer was of the opinion that the defendant was not under the influence of a drug and the other reached the opposite conclusion only after a 15- to 20-minute interview. Their testimony indicates that the defendant did not require assistance to stand, did not appear disoriented or confused, was able to converse with the officers and was described as being cooperative. Additionally, the defendant was found with a pair of gloves and a screwdriver in his possession which could give rise to a reasonable inference that he was capable of premeditating and the planning of a crime. The defendant was not formally charged with being under the influence of an opiate and while that may have been due to a tactical decision by the prosecution, the jury was instructed and necessarily found that he was capable of forming the necessary specific intent to commit burglary.[4]

---

[4]In pertinent part the jury was instructed as follows: "Every person who enters any dwelling house with the specific intent to steal, take and carry away the personal property of another of any value with the specific intent to deprive the owner permanently of his property, is guilty of burglary. [¶] The essence of a burglary is entering such a place with such specific intent, and the crime of burglary is complete as soon as the en-

The peculiar and somewhat pathetic facts of *People v. Simpson* (1979) 90 Cal.App.3d 919 [154 Cal.Rptr. 249], demonstrate by way of contrast a situation in which a sentencing court must give the influence of an individual's addictive need its full mitigating weight. In *Simpson,* defendant was an alcoholic who, after having shared approximately 10 quarts of beer and a fifth of rum with his companion, broke the window of a liquor store in order to obtain more alcohol. Police followed a trail of broken bottles leading from the store and found the defendant hiding in the identical place where he had hidden before when he had previously burglarized the same liquor store. Without question and as a matter of law, the defendant in *Simpson* "was suffering from a mental or physical condition that significantly reduced his culpability for the crime." (Rule 423(b)(2).) Therefore "his conduct was partially excusable for some other reason not amounting to a defense." (Rule 423(a)(4).) The record before us in the instant case does not compel the same conclusion. (Cf. *People v. Davis* (1980) 103 Cal.App.3d 270, 280-281 [163 Cal.Rptr. 22].)

■ We also disagree with the defendant's contention that the court improperly considered his addiction as a circumstance in aggravation. There can be no question that the trial court was correct in considering defendant's prior performance on probation as a circumstance in aggravation. Rule 421(b)(5) states: "[C]ircumstances in aggravation include...the fact that...the defendant's prior performance on probation or parole was unsatisfactory." The trial court's reference to appellant's "addiction to narcotics" does nothing more than explain the basis for an inescapable conclusion that defendant's prior performance on probation was unsatisfactory.

■ Defendant's argument that the court erred by failing to apply rule 423(a)(6) as a mitigating factor, is also without merit. Rule 423(a)(6) states that circumstances in mitigation include the situation in which the "defendant exercised caution to avoid harm to persons or damage to property...or no harm was done or threatened against the

---

try is made, regardless of whether the intent thereafter is carried out. [¶] When a defendant is charged with a crime which requires that a certain specific intent or mental state be established in order to constitute the crime or degree of crime, you must take all the evidence into consideration and determine therefrom if, at the time when the crime allegedly was committed, the defendant was suffering from some abnormal mental or physical condition, however caused, which prevented him from forming the specific intent or mental state essential to constitute the crime or degree of crime with which he is charged."

victim." Nothing in the record suggests that the defendant was aware of the fact that the house or the master bedroom was unoccupied at midnight when he gained entry. Nor does the record show that his leaving the premises upon the return of the victim was anything other than an attempt to escape or, in the words of the trial court, a "lucky circumstance."

We agree with the defendant's last contention that he was entitled to "conduct credits" for presentence custody and that said conduct credits are to be computed on the basis of one day credit for every two days confined. (*People* v. *Williams* ▮(Cal.App.).) However, we find it unnecessary to remand the defendant "for new sentencing proceedings to determine the additional credit to which [he] may be entitled. The Department of Corrections should make available to such prisoners an administrative procedure by which to ascertain their entitlement to conduct credit. [Citation.] As the department already has in its possession a copy of the abstract of judgment awarding custody credit, computation of the additional conduct credit should be a routine ministerial function." (*People* v. *Sage* (1980) 26 Cal.3d 498, 509 [165 Cal.Rptr. 280, 611 P.2d 874].)

The judgment is affirmed.

Scott, Acting P. J., and Feinberg, J., concurred.

A petition for a rehearing was denied August 22, 1980.