[Crim. No. 4650. Fifth Dist. Nov. 21, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
KELLEY MACK LAMBETH, Defendant and Appellant.

## COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Harvey Zall, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Michael J. Weinberger and Maureen A. Daly, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**LAURITZEN, J.\***—Appellant was convicted after jury trial of robbery with the personal use of a firearm (Pen. Code, §§ 211, 12022.5). He appeals from the judgment.

### DUAL USE OF FACTS

 Appellant first contends that the trial court improperly made dual use of the fact of his gun use to enhance his sentence and to impose an upper base term.

The trial court sentenced appellant as follows: "THE COURT: Well, it's unfortunate in this case. Defendant has demonstrated that he is a very serious danger to the general public, not only to property, but to the general public. Certainly would not be an adequate candidate for probation, let alone the use-a-gun-go-to-prison law.

"There are considerable circumstances in aggravation in this offense. The crime involved violence and threat of great bodily harm. Did use a weapon at the time of the commission of the offense. There was planning and professionalism in the carrying out of the crime. Defendant's

---

*Assigned by the Chairperson of the Judicial Council.

prior convictions as an adult are numerous and increasing seriousness. He has served prior prison terms. Apparently was an escapee from the Federal Institution at the time of the commission of the offense.

"Did not appear to be any circumstances relating to the Defendant or the type of crime committed that are in mitigation.

"For a violation of Section 211 of the California Penal Code, a felony, no legal or just cause having been shown why judgment should not now be pronounced, it is the order of the Court that the Defendant be committed to the State Department of Corrections for a period of five years on the underlying offense of violation of Section 211, plus an additional two years which are imposed as a result of the violation of Section 12022.5 of the California Penal Code."

Penal Code section 1170, subdivision (b), provides, in pertinent part, that "The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under Section...12022.5...."

In *People* v. *Smith* (1980) 101 Cal.App.3d 964, 967 [161 Cal.Rptr. 787], we held that the trial court did improperly use the fact of the defendant's firearm use both to impose the upper term and as a basis for a Penal Code section 12022.5 enhancement. The instant case is indistinguishable from *Smith* in this respect.

Respondent argues that *Smith* misinterprets the statute, which, according to respondent, precludes only the use of the narrow fact *that the defendant's sentence has been enhanced* under one of the enumerated sections. Respondent notes that the earlier version of the statute precluded aggravation use of "the same fact used to enhance the sentence under Sections...12022.5...."

Interestingly, though respondent now asserts that *Smith* should be overruled, in *Smith*, respondent never suggested the interpretation now urged. Further, respondent has cited no case authority supporting this newly discovered interpretation.

Moreover, in practical effect, the interpretation is absurd. Penal Code section 1170, subdivision (b), provides, in pertinent part: "...the court shall order imposition of the middle term, unless there are circum-

stances in aggravation or mitigation of the crime." A firearm use is a circumstance which aggravates (i.e., makes more serious) a crime; a trial court's *decision* to impose an enhancement does not make the completed crime more serious.

No statute was required to explain to sentencing courts that one could not bootstrap an aggravating circumstance from the fact that the sentencing court saw fit to impose an enhancement. Had the Legislature intended to authorize sentencing courts to use the fact underlying an enhancement to aggravate, it would simply have deleted the dual use language entirely.[1]

It is also noteworthy that, despite the language change in subdivision (b) of Penal Code section 1170, the relevant sentencing rule has not been changed. It provides, as before, that a "fact used to enhance the defendant's prison sentence may not be used to impose the upper term." (Cal. Rules of Court, rule 441(c).)

While the statutory wording has changed, we believe the meaning remains the same. The "fact of the enhancement" means the fact upon which the enhancement is based, not the fact that an enhancement was imposed. At the very least, the current language of Penal Code section 1170, subdivision (b), is reasonably susceptible to such an interpretation. This being the case, we must adopt the construction most favorable to the defendant. (*In re Jeanice D.* (1980) 28 Cal.3d 210, 217 [168 Cal.Rptr. 455, 617 P.2d 1087].)

### FAILURE TO CONSIDER APPELLANT'S ADDICT STATUS

■ Appellant contends that the trial court abused its discretion in finding no mitigating circumstances in the face of evidence of his drug addiction. The trial evidence showed that appellant and a companion robbed a pharmacy of 48 bottles of narcotics, syringes, and $70 to $80. The officer who interviewed appellant less than two hours after the crime thought he seemed sober and intelligible. At sentencing, appellant's trial counsel argued for the middle base term, relying in part on the probation report's description of appellant as a long-time addict and on the fact that he underwent detoxification for a number of days while in the county jail.

---

[1]At oral argument herein, respondent could offer no legislative history regarding the language change at issue.

The trial court noted that the probation report indicated that appellant was a narcotics addict. As noted, the trial court found no mitigating circumstances.

A contention identical to that of appellant was recently rejected in *People v. Regalado* (1980) 108 Cal.App.3d 531, 538-539 [166 Cal. Rptr. 614]: "It is perfectly plain that the mere assertion by a defendant that his or her 'conduct was partially excusable for...[a] reason not amounting to a defense' (rule 423(a)(4)) or that he or she 'was suffering from a mental or physical condition that significantly reduced his culpability for the crime' (rule 423(b)(2)) does not establish that assertion as a fact. It is clear that the sentencing court must make that determination from the facts and circumstances of each particular case. In the instant case, the trial court had to determine first whether defendant's addiction to narcotics was operative when he committed the crime and second, to what extent, if any, it influenced the commission of the crime. If the court believed that defendant's mental or physical condition had contributed to the offense, it then would have been required to have made the most difficult assessment of all, namely whether the defendant's conduct was 'partially excusable' or his culpability 'significantly reduced' by the use of drugs. Moreover, since individual criteria in the rules have no fixed mathematical values, the court could decide that the mitigating influence, if any, was small. [Citation.]

"We believe that the facts of the instant case justify the sentencing court's implicit conclusion that defendant's drug use did not influence the commission of the burglary to an extent that 'partially excused' its commission." (*People v. Regalado, supra*, at pp. 538-539, fn. omitted.)

The *Regalado* court relied on the defendant's repeated past failures while on probation to "detoxify" himself from heroin, indicia of premeditation and planning in the charged burglary, and the fact that he either was not under the influence of narcotics when he committed the crime or, at least, not to an extent which interfered with his presence of mind.

As in *Regalado*, the facts in the instant case support an implied finding that appellant's drug use did not influence the commission of the crime to an extent that "partially excused" its commission. Appellant was not under the influence of narcotics when he committed the robbery, which crime featured indicia of planning and sophistication

(choice of a time when the victim was alone, bringing handcuffs to detain victim in the bathroom area, get away in a conveniently stashed car sans license plates).

The probation report abundantly established that appellant was a long-time career criminal with little desire to change. For example, he told the probation officer that he "had no reason not to continue using drugs." His statement that he was not sure what a drug treatment program was could be found inherently improbable and reflective of appellant's minimal motivation to change. The present offense occurred after appellant escaped from the Kansas Halfway House where he had been paroled from federal prison.

As stated above, the trial court properly found no mitigating factors.

### Effect of Sentencing Error

Appellant contends that the trial court's dual use of the firearm use fact necessitates remand for resentencing. Whether a dual use requires a remand depends on the facts of the particular case. Precise distinctions are often difficult. In *Smith, supra*, we held that remand was required, because we could not tell whether or not the twice used fact was determinative for the sentencing court, which seemed to place some emphasis on it.

Here, we hold no remand is required. Aside from the dearth of mitigating factors, the crime involved planning and a death threat which transcended the bare firearm use. Appellant had a dismal record in every respect. A quantitative and *qualitative* analysis of the multiple aggravating factors convinces us that a remand would not benefit appellant.

### Conduct Credits

Finally, appellant contends that the trial court undercalculated his conduct credits for presentence confinement. (*People* v. *Sage* (1980) 26 Cal.3d 498 [165 Cal.Rptr. 280, 611 P.2d 874].) This contention should first be addressed to the Department of Corrections.

The judgment is affirmed. The Department of Corrections is directed to determine the presentence conduct credits to which appellant is enti-

tled upon appellant's application for administrative determination of such credits.

Brown (G. A.), P. J., and Zenovich, J., concurred.

Petitions for a rehearing were denied December 12, 1980, and appellant's petition for a hearing by the Supreme Court was denied February 18, 1981.