Filed 6/26/13  P. v. Caceres CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSE NAPOLEON CACERES,<br><br>    Defendant and Appellant. | G046748<br><br>(Super. Ct. No. 11CF2343)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Walter P. Schwarm, Judge.  Affirmed.

Gail Ganaja, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, James D. Dutton and Michael T. Murphy, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

Jose Napoleon Caceres pleaded guilty to possession of methamphetamine, and a jury later convicted him of first degree burglary. Caceres contends the trial court abused its discretion in denying his probation request and sentencing him to prison. For the reasons expressed below, we affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

In August 2011, Erick Flores rented a room on Raitt Street in Santa Ana from Caceres's aunt Sonia. Caceres lived in a shed near the garage. On the morning of August 23, Flores heard "the sound of the lock" and believed someone "peeked through the door." He walked to the bathroom and encountered Caceres and another Hispanic male near the kitchen area about 10 feet from his room. Caceres asked Flores if knew where Sonia's husband lived. Flores replied he did not, and left for work around 7:30 a.m., locking his door. When Flores returned home from work around 6:00 p.m. he discovered someone had forced open his bedroom door and taken his television and laptop computer. He later confronted Caceres about the theft. Caceres denied the theft, but claimed he "knew where the things were."

The next morning Officer Joe Castellanos questioned Caceres about the burglary. Caceres told the officer "Memo" or "Martin" forced open the door into Flores's room and stole the television and computer. Martin then contacted "El Huero", who purchased the items for $300. Caceres later acknowledged he was "Martin" Alcantar and it was a false identity he used for work. He directed the officers to a residence on Garfield, where they recovered the stolen property.

Following a trial in March 2012, the jury convicted Caceres of first degree burglary. Caceres waived preparation of a probation and sentencing report. The trial

2

court denied probation and sentenced Caceres to the mitigated prison term of two years for burglary and imposed a concurrent term for possession of methamphetamine.

II

DISCUSSION

*The Trial Court Did Not Abuse Its Discretion in Denying Probation*

Caceres contends the trial court abused its discretion in sentencing him to state prison because his methamphetamine addiction constituted an unusual and mitigating circumstance requiring treatment while on probation. We disagree. There is no basis in the record to overturn the trial court's sentencing decision.

We review a trial court's decision to deny probation for abuse of discretion. (*People v. Superior Court* (*Du*) (1992) 5 Cal.App.4th 822, 831 (*Du*).) An abuse of discretion is shown only when the court's decision exceeds the bounds of reason. (*People v. Superior Cour*t (*Dorsey*) (1996) 50 Cal.App.4th 1216, 1225.) The burden is on the appellant to demonstrate the trial court's decision was arbitrary and irrational. (*Du*, *id*. at p. 831.) Caceres falls woefully short of this standard.

The trial court correctly noted Caceres was presumptively ineligible for probation. Penal Code section 462 provides that "(a) Except in unusual cases where the interests of justice would best be served if the person is granted probation, probation shall not be granted to any person who is convicted of a burglary of an inhabited dwelling house . . . or the inhabited portion of any other building." Under these circumstances, the court must evaluate the criteria in California Rules of Court, rule 4.413 (c), to determine whether the statutory limitation on probation is overcome; and if it is, the court should then apply the criteria in rule 4.414 to decide whether to grant probation. Subdivision (c) lists several factors that would allow the court to deviate from the presumption and grant

3

probation. These include whether "[t]he fact or circumstance giving rise to the limitation on probation is, in this case, substantially less serious than the circumstances typically present in other cases involving the same probation limitation, and the defendant has no recent record of committing similar crimes or crimes of violence;" whether the defendant participated in the crime under circumstances of great provocation, coercion, or duress not amounting to a defense, and the defendant has no recent record of committing violent crimes; whether the defendant committed the crime because of a mental condition not amounting to a defense, and there exists a high likelihood the defendant would respond favorably to mental health care and treatment as a condition of probation; whether the defendant's age presents a mitigating factor, and whether the defendant has no significant record of prior criminal offenses. (Cal. Rules of Court, rule 4.413(c).)

The trial court concluded Caceres's burglary was no "less serious" than other residential burglaries, no circumstances showed Caceres committed the crime because of great provocation, coercion, or duress not amounting to a defense, he did not have a mental condition, and at age 28 or 29 Caceres was "neither particularly youthful or aged."

The trial court also stated it would not grant Caceres probation even if he demonstrated his probation eligibility. In reaching this decision, the court followed the criteria listed in California Rules of Court, rule 4.414. Rule 4.414 directs the court to consider certain facts relating to the crime and the defendants.

The trial court cited various factors in mitigation, but found the victim was "more vulnerable" and Caceres took advantage of a position of trust because the victim was his aunt's tenant, who "could reasonably expect that a [housemate] . . . would not

4

steal his property." The court also noted Caceres had prior misdemeanor convictions for domestic violence, and was on probation when he committed the burglary.

The court considered Caceres's argument he had never spent more than 10 days in jail for his prior offenses, Caceres helped locate the victim's property, and the victim seemed reluctant to prosecute. The court heard the mother of Caceres's four children declare Caceres was a good father and had helped them financially, and heard Caceres's statement at sentencing he was hard worker, and a person who "can learn from his own mistakes." The court observed that while Caceres helped recover the property, he failed to "take responsibility for his role in the crime."

Caceres contends his methamphetamine addiction constituted a mental condition amenable to treatment while on probation and his condition therefore was an unusual and mitigating circumstance making him eligible for probation. But Caceres failed to present evidence he would respond favorably to treatment. Nor was there evidence showing the extent of Caceres's drug problem and that it partially excused his decision to burglarize the victim's room. Courts have rejected the notion drug abuse or addiction is mitigating when it does not reduce the defendant's lucidity or ability to act with planning or sophistication at the time of the crime. (*People v. Reyes* (1987) 195 Cal.App.3d 957, 961; *People v. Reid* (1982) 133 Cal.App.3d 354, 370–371; *People v. Bejarano* (1981) 114 Cal.App.3d 693, 706–708; *People v. Lambeth* (1980) 112 Cal.App.3d 495, 500.)

Caceres's reliance on *People v. Jordan* (1986) 42 Cal.3d 308, 314-315 is distinguishable. There, the Supreme Court upheld the trial court's exercise of discretion striking four prison term enhancements, noting that alcoholism may be a mitigating factor at sentencing. (See *People v. Simpson* (1979) 90 Cal.App.3d 919, 927.) As noted above,

Caceres did not raise methamphetamine addiction as a mitigating factor in the trial court and nothing suggests he was "disabled" by drug addiction. The trial court therefore did not abuse its discretion in concluding Caceres did not have a "mental condition" when it denied probation. (See also *People v. Regalado* (1980) 108 Cal.App.3d 531, 538 [defendant's "mere assertion" he suffers from a mental or physical condition significantly reducing culpability was insufficient to establish mitigation].)

Caceres emphasizes he helped the police recover the victim's property the day after the burglary, which "seemed to have the effect of lessening the monetary and emotional harm that the victim suffered." He argues these facts "weigh[ed] against" the trial court's finding the crime fit the profile of a typical residential burglary and that the victim was particularly vulnerable. Caceres also notes he expressed remorse by admitting his mistake but complains the court discounted his contrition and "seemed to ignore the fact [he] provided financial support for his four children" and the adverse impact imprisonment would have on his dependents.

True, these factors may have "weighed against" the trial court's decision, but they do not demonstrate an arbitrary or irrational conclusion. Indeed, the trial court's reasoning is amply supported by the record, and under these circumstances we may not reweigh the pertinent factors. (*People v. Weaver* (2007) 149 Cal.App.4th 1301, 1311 ["'In reviewing [a trial court's determination whether to grant or deny probation], it is not'" the appellate court's function to substitute its judgment for that of the trial court; its function is to determine whether the trial court's order is arbitrary or capricious or exceeds the bounds of reason considering all the facts and circumstances.])[1] We discern no abuse of discretion.

---

[1] Caceres mistakenly claims the court erred in finding the crime was committed with sophistication or professionalism, but the court at sentencing stated

6

## III

### DISPOSITION

The judgment is affirmed.


ARONSON, J.

WE CONCUR:


O'LEARY, P. J.


RYLAARSDAM, J.

---

"[t]here is nothing in the manner of the burglary that shows any sophistication [or] professionalism."