Filed 5/29/24  P. v. Carpenter CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C098387 |
| Plaintiff and Respondent, | (Super. Ct. No. P18CRF0182) |
| v. | |
| HEATHER LYNN CARPENTER, | |
| Defendant and Appellant. | |

Defendant Heather Lynn Carpenter was previously placed on probation for driving under the influence of alcohol.  While on probation, she committed a hit and run with property damage and hid from officers in her attic while drinking alcohol.  The trial court found that defendant violated her probation and sentenced her to prison for the middle term of four years.

On appeal, defendant contends the trial court abused its discretion in failing to consider her alcoholism as a mitigating factor at sentencing.  We disagree and affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

Defendant was arrested in 2018 for driving under the influence of alcohol.  She was driving at a high rate of speed with her infant child in the car.  In February 2021, defendant pled no contest to felony child endangerment (Pen. Code, § 273a, subd. (a)), driving under the influence of alcohol (Veh. Code, § 23152, subd. (a)), driving with a blood alcohol level of 0.08 percent or higher (Veh. Code, § 23152, subd. (b)), and driving with a suspended or revoked license (Veh. Code, § 14601, subd. (a)).  She also admitted prior convictions and a blood alcohol level of 0.15 percent.  The trial court suspended imposition of sentence and placed defendant on five years of formal probation.  Probation conditions included that defendant serve 240 days in county jail and wear a continuous alcohol monitoring device upon release for one year.  Probation conditions also required her to obey all laws and prohibited her from operating a motor vehicle without a valid license and insurance, from consuming or possessing alcoholic beverages, and from operating a motor vehicle after consuming any measurable amount of alcohol.

While on formal probation, defendant drove on the opposite side of the road, struck a tree and sign, and fled the scene.  Officers later found defendant at the attic of her home but she locked the door and refused to let them in.  When officers finally knocked down the door to the attic, they found defendant drinking alcohol as fast as she could.

The People filed a probation revocation petition, alleging defendant violated the terms of her probation.  The trial court sustained the petition, finding defendant committed a hit and run with property damage, resisted or obstructed a peace officer, failed to abstain from the alcohol possession, use, or involvement, and drove in violation of her restrictive license.

At sentencing, defense counsel sought probation or a low-term sentence.  She pointed out that while continuous alcohol monitoring prevented defendant from drinking, defendant still needed treatment and help to stay sober.  Defense counsel also argued that

2

sending defendant to prison would not solve defendant's drinking issue and that treatment and help for defendant "would best serve the community by making sure she gets healthy."

The trial court noted that although defendant had been given numerous opportunities to improve herself and address her alcohol addiction during probation, she still failed to report her alcohol monitoring device readings six times, violated probation terms and conditions, resisted probation supervision, used methamphetamine, continued consuming alcohol, and committed new law violations. It thus terminated defendant's probation as unsuccessful. The trial court further stated "[t]here were no circumstances in mitigation" but noted defendant began attending a parenting program two years after being granted probation. It then sentenced defendant to the middle term of four years in prison.

Defendant timely appeals.

DISCUSSION

When a trial court originally suspended imposition of sentence and later decides to revoke probation and send a defendant to prison, it may select any available sentencing option. (*People v. Howard* (1997) 16 Cal.4th 1081, 1084.) We review a trial court's sentencing decision for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) "[T]he trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.) The party disputing the sentencing decision has the burden to demonstrate how the decision was "irrational or arbitrary." (*People v. Cazares* (1987) 190 Cal.App.3d 833, 837.)

Defendant contends the trial court abused its discretion in not considering her alcoholism as a mitigating factor but instead treating it as additional evidence of her voluntary resistance to improvement. We disagree.

3

"As a policy matter, when a defendant has a drug addiction or substance abuse problem, where the defendant has failed to deal with the problem despite repeated opportunities, where the defendant shows little or no motivation to change his life style, and where the substance abuse problem is a substantial factor in the commission of crimes, the need to protect the public from further crimes by that individual suggests that a longer sentence should be imposed, not a shorter sentence." (*People v. Reyes* (1987) 195 Cal.App.3d 957, 963.)  The trial court may also consider a defendant's prior performance on probation as an aggravating factor, including the defendant's failure to take advantage of opportunities in probation to address her addiction.  (Cal. Rules of Court, rule 4.421(b)(4); *People v. Regalado* (1980) 108 Cal.App.3d 531, 540.)

Here, the trial court did not abuse its discretion in declining to consider defendant's alcoholism as a mitigating factor.  Defendant's alcoholism caused her to endanger her child , and despite many opportunities to address her addiction to alcohol, she showed little motivation to change her behavior.  Indeed, after the hit-and-run incident, she locked officers out of the attic so she could finish drinking alcohol.  By failing to take steps to address her alcoholism, defendant endangered both her own family and community, as evidenced by her hit-and-run.  Moreover, the trial court may properly consider defendant's failure to address her alcoholism while on probation as an aggravating factor.

We accept, as defendant points out, that California courts have recognized alcoholism as a disease.  (*Sundance v. Municipal Court* (1986) 42 Cal.3d 1101, 1114; *In re Billings* (1990) 50 Cal.3d 358, 367.)  But none of the cases cited by defendant concluded alcoholism is a mitigating factor in sentencing.  (See *Sundance*, at p. 1121 [California's drunk in public statute did not amount to excessive punishment]; *Billings*, at pp. 368-369 [ordering disbarment of an attorney due to misconduct over many years despite his efforts to recover from alcoholism]; *People v. Edwards* (2013) 57 Cal.4th 658, 684 [noting a doctor testified that alcoholism and drug addiction are illnesses at trial].)

4

And as we have explained above, given the facts here, the trial court was within its discretion to not find defendant's alcoholism a mitigating factor.

DISPOSITION

The judgment is affirmed.

/s/
_____
MESIWALA, J.

We concur:

/s/
_____
EARL, P. J.

/s/
_____
ROBIE, J.