Filed 10/2/24  P. v. Molina CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JOSEPH SHAWN MOLINA,<br><br>  Defendant and Appellant. | F086900<br><br>(Super. Ct. Nos. F22904172 and F23904128)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Gabriel L. Brickey, Judge.

Maureen M. Bodo, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Christopher J. Rench and R. Todd Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Franson, Acting P. J., Meehan, J. and Snauffer, J.

Defendant Joseph Shawn Molina contends on appeal that the sentence must be reversed and remanded for resentencing because the trial court abused its discretion by sentencing him to the middle term and denying his request for residential drug treatment. The People disagree. We affirm.

## PROCEDURAL SUMMARY

On June 14, 2022, the Fresno County District Attorney filed a complaint in case No. F22904172, charging defendant with vehicle theft (Veh. Code, § 10851, subd. (a); count 1); receiving a stolen motor vehicle (Pen. Code, § 496d, subd. (a)[1]; count 2); giving false information to a police officer (§ 148.9, subd. (a); count 3); and misdemeanor resisting, obstructing, or delaying a peace officer (§ 148, subd. (a)(1)); count 4). It was further alleged as to counts 1 and 2 that defendant suffered six prior auto theft convictions (§ 666.5). It was further alleged as to count 4 that defendant suffered a prior strike conviction (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), and 13 prior felony convictions (§ 1203, subd. (e)(4)). Factors in aggravation pursuant to California Rules of Court, rule 4.421(b)(2) and (3)[2] were also alleged.

On September 1, 2022, defendant pled not guilty in case No. F22904172 to counts 1 through 4 and denied all enhancements and prior convictions.

On June 2, 2023, the Fresno County District Attorney filed a complaint in case No. F23904128, charging defendant with five counts of grand theft of personal property (§ 487, subd. (a); counts 1, 3, 5, 7, & 15); five counts of second degree commercial burglary (§§ 459/460, subd. (b); counts 2, 4, 6, 8, & 16); three counts of misdemeanor petty theft (§ 484, subd. (a); counts 9, 11, & 13); and three counts of misdemeanor shoplifting (§ 459.5, subd. (a); counts 10, 12, & 14). It was further alleged defendant suffered 15 prior convictions (§ 1203, subd. (e)(4)). The complaint also alleged factors in aggravation pursuant to rule 4.421(b)(2) and (3).

---

[1]     All statutory references are to the Penal Code unless otherwise noted.

[2]     All rules references are to the California Rules of Court.

On June 12, 2023, defendant pled not guilty in case No. F23904128 to counts 1 through 16 and denied all enhancements and prior convictions.

On June 21, 2023, pursuant to a plea agreement, defendant pled no contest in case No. F23904128 to counts 1 and 3 and admitted the enhancements. The remaining counts and allegations were dismissed. Defendant agreed to a two-year eight-month lid, concurrent with the sentence in case No. F22904172.

Also on June 21, 2023, pursuant to a plea agreement, defendant pled no contest in case No. F22904172 to count 1. All remaining counts and allegations were dismissed. Defendant agreed to a three-year lid on count 1.

On September 5, 2023, defendant filed a sentencing memorandum requesting the trial court impose a low term sentence and allow him to enter a one-year residential treatment facility.

On September 7, 2023, the trial court sentenced defendant in case No. F22904172 to the middle term of three years, to be served locally, and in case No. F23904128, defendant was sentenced to two years, concurrent to his sentence in case No. F22904172.

On October 9, 2023, defendant filed a timely notice of appeal.

## FACTUAL SUMMARY[3]

On April 13, 2022, defendant climbed into a running car parked in front of a hotel and drove away without permission. He drove out of the hotel parking lot at a high rate of speed and was promptly pulled over by police.

On April 14, 16, 20, and May 10 and 24, 2023, defendant repeatedly entered a clothing store and stole clothing.

## DISCUSSION

Defendant contends the sentence must be reversed and remanded because the trial court abused its discretion when it sentenced him to the middle term and denied his

---

[3] The parties stipulated to a factual basis for the pleas pursuant to *People v. West* (1970) 3 Cal.3d 595 (a plea of no contest without admitting a factual basis for the plea).

3.

request for residential drug treatment.  Defendant argues the court failed to consider his alcoholism and substance abuse as mitigating factors.  The People disagree.  We agree with the People.

### A.    *Background*

On June 21, 2023, defendant pled no contest pursuant to a plea agreement to count 1 in case No. F22904172 and counts 1 and 3 in case No. F23904128 with a three-year lid, as was recommended in defendant's probation report.

On September 5, 2023, defendant filed a sentencing memorandum requesting the trial court impose the low term sentence and allow him to enter a one-year residential treatment facility, the Teen Challenge program.  Defendant argued pursuant to rule 4.423(a)(3) that his crimes were committed because of an unusual circumstance:  his daily substance abuse.  Defendant also argued, citing rule 4.423(a)(4), that his criminal conduct was partially excusable, for reasons not amounting to a defense, because of the strong nexus between his criminal conduct and daily substance abuse.  Further, defendant argued pursuant to rule 4.423(b)(8) that he voluntarily acknowledged wrongdoing before arrest or at an early stage of the criminal process.

At sentencing, defense counsel argued for the low term sentence and the residential drug treatment facility.  A representative from Teen Challenge addressed the trial court and discussed defendant's acceptance into the program and positive future prospects.

The prosecution objected, arguing that, based upon defendant's extensive recent criminal history, the low term would not be appropriate and the residential drug treatment facility would likely be of no benefit to him.

The trial court stated it had read and considered both the probation report and defendant's sentencing memorandum.  It stated,

4.

"[D]efendant has had multiple opportunities to program, both as a juvenile and as an adult, as listed in the [probation report], back in 2001, participating in the Crossroads Hope of Life Program. He was granted probation in 2013, and again in 2016, a local commitment. It indicates he was offered the Teen Challenge Program at that point, and again in 2017. [¶] [D]efendant is not eligible for probation except in unusual circumstances. This Court finds there are none. And, in fact, … defendant has nine prior felony convictions. While the program may benefit … defendant, the Court does not disagree with that, the Court must balance the interest of the community and society, and this defendant's record suggests that he has caused significant harm to the public and should be held accountable for that conduct. [¶] [I]n case [No. F22904172], probation is denied. The defendant is committed to the Fresno County Jail pursuant to [section] 1170[, subdivision] (h) for the middle term of three years."

### B.    Law

When the Penal Code statute under which a defendant is convicted specifies three possible terms, the selection of the upper, middle, or lower term rests within the sound discretion of the trial court. (§ 1170, subd. (b); rule 4.420(a).) In making this decision, "the sentencing judge may consider circumstances in aggravation or mitigation, and any other factor reasonably related to the sentencing decision." (Rule 4.420(d).)

Circumstances in mitigation are listed in rule 4.423, and "[r]elevant factors enumerated in [the Rules of Court] must be considered by the sentencing judge …." (Rule 4.409.) Rule 4.423 provides in pertinent part that the following are mitigating circumstances: "The crime was committed because of an unusual circumstance, such as great provocation, that is unlikely to recur" (rule 4.423(a)(3)); "The defendant participated in the crime under circumstances of coercion or duress, or the criminal conduct was partially excusable for some other reason not amounting to a defense" (rule 4.423(a)(4)); and "[t]he defendant voluntarily acknowledged wrongdoing before arrest or at an early stage of the criminal process" (rule 4.423(b)(8)). The circumstances enumerated in the rules "are illustrative and not exclusive. Other factors both in aggravation and mitigation should be considered under [former] rule 408(a)

[now rule 4.408(a)]." (*People v. Berry* (1981) 117 Cal.App.3d 184, 193, fn. 4.) "A remand for resentencing is required when the court fails to consider relevant mitigating factors." (*People v. Kelley* (1997) 52 Cal.App.4th 568, 582.)

"Sentencing courts have wide discretion in weighing aggravating and mitigating factors. [Citation.] Indeed, a trial court may 'minimize or even entirely disregard mitigating factors without stating its reasons.' " (*People v. Lai* (2006) 138 Cal.App.4th 1227, 1258.) The court is not required to review in detail each of the mitigating factors upon which the defendant relies. It can reject all mitigating factors without explanation. (See *People v. Avalos* (1996) 47 Cal.App.4th 1569, 1583 [court need not explain its reasons for rejecting mitigating factors].) " 'Further, unless the record affirmatively indicates otherwise, the trial court is deemed to have considered all relevant criteria, including any mitigating factors.' " (*People v. King* (2010) 183 Cal.App.4th 1281, 1322; *People v. Holguin* (1989) 213 Cal.App.3d 1308, 1317–1318; rule 4.409 [court is presumed to have considered all relevant factors unless the record affirmatively shows otherwise]; *People v. Kelley*, *supra*, 52 Cal.App.4th at p. 582.)

Moreover, "[t]he trial court is not required to set forth its reasons for rejecting a mitigating factor." (*People v. Holguin*, *supra*, 213 Cal.App.3d at p. 1317; see also *People v. Avalos*, *supra*, 47 Cal.App.4th at p. 1583; *People v. Samayoa* (1997) 15 Cal.4th 795, 860 [trial court's failure to mention mitigating evidence does not mean the court ignored it, but simply indicates the court did not consider such evidence to have appreciable mitigating weight].)

Alcoholism and substance abuse may be mitigating factors. However, they are not always mitigating. (*People v. Reyes* (1987) 195 Cal.App.3d 957, 960 (*Reyes*); *People v. Regalado* (1980) 108 Cal.App.3d 531, 538–540.) "As a policy matter, when a defendant has a drug addiction or substance abuse problem, where the defendant has failed to deal with the problem despite repeated opportunities, where the defendant shows little or no

motivation to change his life style, and where the substance abuse problem is a substantial factor in the commission of crimes, the need to protect the public from further crimes by that individual suggests that a longer sentence should be imposed, not a shorter sentence. For example, the felony drunk driver who is suffering from an uncontrolled alcoholism should be sentenced to a longer term, not a shorter one, in order to prevent him from driving under the influence again." (*Reyes*, at p. 963.)

" 'The burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.' " (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977–978.)

### C.    Analysis

Here, the trial court did not abuse its discretion by sentencing defendant to the middle term and denying his request for residential drug treatment, as the court properly considered whether his alcoholism or substance abuse was a mitigating circumstance here. (See *Reyes*, *supra*, 195 Cal.App.3d at p. 963; see also *People v. Regalado*, *supra*, 108 Cal.App.3d at p. 539.)

The sentencing court's conclusion that defendant's alcoholism and substance abuse were not mitigating does not establish that the court failed to consider relevant mitigating factors. (See *In re Handa* (1985) 166 Cal.App.3d 966, 973 ["many alleged factors in mitigation are disputable either because … they may not be mitigating under the circumstances of a particular case [and w]here an alleged factor in mitigation is disputable, the court may find an absence of mitigating factors and need not explain the reason for its conclusion."].)

The record here indicates the trial court considered the factors that defendant claims were ignored, as it stated that while defendant "may benefit" from the residential treatment program, this benefit was outweighed by the interests of the community, in light of the "significant harm" he caused to the public. Further, it noted he had already

received probation multiple times and had also already been offered treatment programs multiple times, "both as a juvenile and as an adult," including the Teen Challenge program, but nonetheless had nine prior felony convictions.

Here, the trial court articulated similar considerations as in *Reyes*, observing the need to protect the public from defendant's alcoholism and substance abuse meant this was not a circumstance in mitigation. (See *Reyes*, supra, 195 Cal.App.3d at p. 963 [where a defendant has a substance abuse problem that he has failed to deal with despite repeated opportunities and the substance abuse problem is a substantial factor in the commission of the crimes, "the need to protect the public from further crimes by that individual suggests that a longer sentence should be imposed, not a shorter sentence"].)

Likewise, the trial court here specifically considered defendant's argument that his alcoholism and substance abuse were mitigating factors, and properly rejected it. Accordingly, the court did not abuse its discretion when it sentenced defendant to the middle term and denied his request for a residential treatment program.

## DISPOSITION

The judgment is affirmed.