Filed 4/11/16  P. v. Petkus CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C079967 |
| Plaintiff and Respondent, | (Super. Ct. No. CM-042721) |
| v. | |
| VICTOR ADAM PETKUS, | |
| Defendant and Appellant. | |

Defendant Victor Adam Petkus pleaded no contest to driving or taking a vehicle without consent.  (Veh. Code, § 10851, subd. (a).)  On appeal, he contends the trial court abused its discretion by imposing the upper term sentence.  Disagreeing, we affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

*Case No. CM-042721*

On March 2, 2015, a California Highway Patrol officer noticed defendant standing next to a car stopped on a highway off-ramp. Defendant said the car had run out of gas, and the officer helped him move it to a safe location. The officer ran a search on the car's license plates and discovered the car had been reported as stolen that same day. The car's owner later told police he did not know defendant and had not given defendant permission to possess the car.

The officer searched the car and found drug paraphernalia, methadone, and Dilaudid. Defendant admitted to being a drug addict but said none of the contraband belonged to him. Defendant was arrested but released from custody two days later.

*Case No. CM-042773*

On March 22, 2015, police found defendant driving a different car, also stolen. Police found drug paraphernalia, heroin, and stolen goods in the car, and defendant's passenger had a hypodermic needle in his sock. Defendant again admitted to being a drug user.

*Plea and Sentence*

In case No. CM-042721, defendant pleaded no contest to driving or taking a vehicle without consent (count 1; Veh. Code, § 10851, subd. (a)) and admitted a prior strike (Pen. Code, §§ 667, subd. (d), 1170.12, subd. (b)). Pursuant to the parties' agreement, the court dismissed with a *Harvey*[1] waiver: (1) all counts related to case No. CM-042773; and (2) count 2 in case No. CM-042721, possession of an opium pipe (Health & Saf. Code, § 11364, subd. (a)). The court also struck the additional punishment for the prior strike. (Pen. Code, § 1385, subd. (c).)

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754.

Defendant requested probation and was willing to enter residential treatment. Although defendant had unsuccessfully participated in residential treatment multiple times since 1991, he stated he had been accepted to a program and was " 'ready to get help now.' " Still, the probation report recommended sentencing defendant to the upper term, noting he "has regularly violated the law since 1993," including four prior felony convictions and six prior misdemeanor convictions. (Cal. Rules of Court, rule 4.421(b)(2).)[2] Defendant had also served one prior prison term, and his prior performance on parole and probation was unsatisfactory. (Rule 4.421(b)(3), (5).) The probation report opined there were no mitigating circumstances. (Rule 4.423.)

During the sentencing hearing, defense counsel argued for a term of probation, highlighting defendant's efforts to attend a treatment program for his lifelong addiction problems. The trial court refused to grant probation, noting defendant's extensive criminal history, prior prison term, unsatisfactory prior performance on probation or parole, and lack of mitigating factors. The court sentenced defendant to an aggregate term of three years. Defendant appealed his sentence.

## DISCUSSION

Defendant contends the trial court abused its discretion in imposing the upper term because it failed to consider his drug abuse as a mitigating factor; he adds that he adequately raised the issue below when arguing for leniency. The People counter that defendant forfeited this argument by failing to specifically object to the trial court's finding that there were no circumstances in mitigation. We need not resolve this dispute, because we can easily reach the merits and conclude the trial court did not err.

---

[2] Further undesignated rule references are to the California Rules of Court.

A trial court's decision to impose the upper term is subject to review for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) A trial court abuses its discretion only if it "relies upon circumstances that are not relevant to the decision or that otherwise constitute an improper basis for decision." (*Ibid.*) An upper term sentence may be based upon "any aggravating circumstance that the court deems significant . . . [and] 'reasonably related to the decision being made.' " (*Id.* at p. 848, quoting rule 4.408(a).) " 'The burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' " (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977-978; accord, *People v. Lai* (2006) 138 Cal.App.4th 1227, 1258-1259.)

The trial court imposed the upper term because defendant had numerous prior convictions, a prior prison term, and unsuccessful prior performance on probation and parole. There is substantial evidence to support these aggravating factors, including defendant's four prior felony convictions, six prior misdemeanor convictions, and prior prison term. A single valid factor is enough to justify imposition of an aggravated term, and here there were many. (See, e.g., *People v. Forster* (1994) 29 Cal.App.4th 1746, 1759.)

The trial court was aware of defendant's addiction issues and efforts to seek treatment, which were detailed in the probation report and by defendant's attorney. No error appears in the court's refusal to mitigate defendant's sentence as a result. "[D]rug addiction is not necessarily regarded as a mitigating factor when a criminal defendant has a long-term problem and seems unwilling to pursue treatment." (*People v. Martinez* (1999) 71 Cal.App.4th 1502, 1511 [finding the defendant's drug abuse was not a mitigating factor where the defendant failed to take advantage of opportunities for treatment]; see also *People v. Regalado* (1980) 108 Cal.App.3d 531, 539.) Defendant

4

had unsuccessfully participated in residential treatment multiple times since 1991. Further, the "trial court may 'minimize or even entirely disregard mitigating factors without stating its reasons.' " (*People v. Lai, supra,* 138 Cal.App.4th at p. 1258.) No abuse of discretion appears.

## DISPOSITION

The judgment is affirmed.

_____/s/_____
Duarte, J.

We concur:

_____/s/_____
Hull, Acting P. J.

_____/s/_____
Butz, J.