Filed 8/11/16  P. v. Cleveland CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DOMINGO LAMONT CLEVELAND,<br><br>    Defendant and Appellant. | B263518<br><br>(Los Angeles County<br>Super. Ct. No. NA094844) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Tomson T. Ong, Judge.  Affirmed in part; corrected in part.

Kevin D. Sheehy, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, and Abtin Amir, Deputy Attorney General, for Plaintiff and Respondent.

A jury convicted defendant and appellant Domingo Cleveland (defendant) after hearing evidence he robbed a 7-Eleven store. It was his fourth robbery conviction, having sustained a juvenile adjudication for robbery in 1986 and felony convictions for robbery in 1991 and 1996. The trial court denied defendant's motion pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*) to strike his prior convictions for purposes of applying the Three Strikes Law and sentenced him accordingly. We consider whether the court abused its discretion in denying defendant's *Romero* motion.

## I. BACKGROUND

At about 2:00 a.m. on February 20, 2013, defendant entered a 7-Eleven store in San Pedro, walked up to the counter, and told the cashier, "I got a gun and I want the money." Defendant had one hand in his pocket. The cashier asked defendant if he was serious. Defendant replied, "I got a gun. I'll shoot you."[1] The cashier gave defendant a "bunch" of one dollar bills, some five dollar bills and a ten dollar bill. Defendant demanded that the cashier give him money from a second register as well. When the cashier stated that he did not have the password for that register, defendant threatened to shoot him. The cashier opened the register and gave defendant a "chunk of ones." Defendant fled, but was soon captured by police.

After the jury convicted defendant on the robbery charge now before us, the trial court found true the allegations that defendant had (1) sustained three prior serious or violent felony convictions within the meaning of the Three Strikes Law (Pen. Code,[2] §§ 667, subds. (b)-(i), 1170.12); (2) sustained two prior serious felony convictions within the meaning of section 667, subdivision (a); and (3) served six prior prison terms within the

---

[1]     Defendant did not have a gun, but was merely pointing his finger inside his pocket. This became clear when he removed his hand from his pocket to pick up the cash from the second register.

[2]     Undesignated statutory references that follow are to the Penal Code.

2

meaning of section 667.5, subdivision (b).  The court sentenced defendant to a total term of 37 years to life in state prison, consisting of a term of 25 years to life for the robbery conviction pursuant to the Three Strikes Law, plus two five-year enhancement terms pursuant to section 667, subdivision (a), plus two one-year enhancement terms for the prior prison terms.

## II.  DISCUSSION

Defendant's sole substantive claim on appeal is his contention that the trial court abused its discretion in denying his motion to strike at least two of his three prior convictions that would qualify as a "strike" under the Three Strikes Law.  We hold the trial court's determination that defendant failed to carry his burden to show that he fell outside that law's "spirit" (the applicable standard under controlling authority) was not an abuse of discretion.  We therefore affirm the sentence imposed—with corrections to the abstract of judgment so that it properly reflects the sentencing credits to which defendant is entitled.

### A.      Applicable Law

"Under section 1385, subdivision (a), a 'judge . . . may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed.'  'In *Romero*, [our Supreme Court] held that a trial court may strike or vacate an allegation or finding under the Three Strikes law that a defendant has previously been convicted of a serious and/or violent felony, on its own motion, "in furtherance of justice" pursuant to . . . section 1385(a).'  [Citation.]"  (*People v. Carmony* (2004) 33 Cal.4th 367, 373.)

When confronted with the question of whether a prior conviction should be stricken pursuant to *Romero*, a trial court must consider whether the defendant falls outside the "spirit" of the Three Strikes sentencing scheme by looking to the nature and circumstances of the present offense of conviction; the nature and circumstances of prior serious or violent felony convictions; and the particulars of the defendant's background,

3

characteristics, and prospects.  (*People v. Williams* (1998) 17 Cal.4th 148, 161.)  We review for abuse of discretion a trial court's decision not to dismiss a prior felony conviction allegation under section 1385.  (*People v. Carmony, supra*, 33 Cal.4th at p. 374; *People v. Myers* (1999) 69 Cal.App.4th 305 ["Where the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance"].)

"[T]he three strikes law not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision to do so.  In doing so, the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*People v. Carmony, supra*, 33 Cal.4th at p. 378.)  In particular, "[i]f, after having suffered two qualifying felony convictions, an offender commits a third qualifying felony, the Three Strikes law presumes he or she is incorrigible and requires a life sentence."  (*People v. Vargas* (2014) 59 Cal.4th 635, 638.)  This is because the offender has "been afforded two previous chances to reform his or her antisocial behavior."  (*Ibid*.)

### B.    Proceedings in the Trial Court

Defendant filed a motion to strike two or more of his prior robbery convictions, contending doing so would be in the furtherance of justice because (1) his adult convictions were incurred in 1991 and 1996, (2) defendant was not violent, and (3) he had returned to a life of crime only after lapsing back into drug use after a diagnosis of HIV-AIDS.  Defendant, through counsel, maintained he "has tried and wants to turn his life around and become a productive member of society."  In his probation report, defendant states that he has been diagnosed with schizophrenia and depression.

At the hearing on the motion, defense counsel argued all three of his prior robbery convictions occurred long before the current offense, and indeed, that defendant's 1986 juvenile robbery commission and his 1991 adult robbery conviction took place even

4

before the enactment of the Three Strikes Law. Counsel also argued that defendant was addicted to drugs and was not a sophisticated criminal.

The trial court found that at the time of defendant's most recent robbery conviction, in 1996, defendant was eligible for a life sentence under the Three Strikes Law, but only received a determinate sentence of 11 years in state prison. The court believed that this lesser sentence gave defendant a chance to rehabilitate his life, which defendant squandered. The court recognized defendant's other robbery convictions were older, but the court found it significant that defendant had sustained convictions for other crimes in 2001 and 2008 that did not qualify as strike convictions but did demonstrate defendant had not lived a crime-free life since his last strike conviction. Based on its consideration of the record before it, the trial court denied defendant's motion to strike.

### C.     Analysis

Defendant contends the trial court failed to give "due weight" to the mitigating factors in his case, which he describes as the remoteness of his prior strike convictions, the fact that he did not use a weapon in his prior or current robbery convictions, his "health, drug and emotional problems at the time of the current offense," and his desperation and lack of sophistication in the commission of the current offense. He also contends that the trial court should have considered that life expectancy charts suggest that he will die before becoming eligible for parole.

The trial court was well aware of the dates of defendant's prior convictions. As the trial court pointed out, however, defendant has not lived a crime free life since those convictions. Defendant was convicted of his first adult strike conviction, for robbery, in 1991, and sentenced to 6 years in prison. He was paroled in April 1995, and arrested for robbery three months later.[3] Defendant was convicted of the robbery charge in 1996 and sentenced to 11 years in prison. While in prison, in 2001, defendant was convicted of

---

[3]     Parole dates are taken from the Department of Corrections and Rehabilitation's Chronological History of defendant, part of a packet of documents from that department admitted into evidence at trial as People's Exhibit 52.

possession of a deadly weapon, a felony. He was released on parole in 2005, but was arrested again in 2007 for possession of a controlled substance and convicted of that charge and returned to prison in 2008. Defendant's prison records indicate he was ultimately discharged from parole for that offense in October 2012. He committed the current offense four months later, in February 2013. Thus, defendant has spent approximately spent 18 of the last 24 years in prison or local custody. (See *People v. Williams, supra*, 17 Cal.4th at p. 163 [passage of 13 years between prior strike conviction and current offense not a mitigating factor when defendant "did not refrain from criminal activity during that span of time, and he did not add maturity to age"].)

Although defendant apparently did not use a weapon in any of his three robbery convictions, robbery requires the taking to be accomplished by force or fear and is a serious felony under the law even when the defendant is not armed. (See § 1192.7, subds. (c)(19) & (26) [robbery alone is a serious felony but grand theft is serious crime only if it involves a firearm].) Defendant's lack of a weapon does not place him outside the spirit of the Three Strikes Law.

Just as the nature and circumstances of defendant's present and prior convictions do not place him outside the spirit of the Three Strikes Law, nor do defendant's personal characteristics. Defendant contends that he had overcome his drug addiction and only returned to using drugs after receiving a recent HIV-AIDS diagnosis. Defendant has not provided any dates for any of these events, or any supporting documentation and witnesses. The record shows defendant's first adult conviction for possession of a controlled substance was in 1989 and his most recent one was in 2008. There is nothing in the record on appeal to demonstrate that defendant ever participated in drug treatment, let alone participated successfully. Defendant has simply failed to demonstrate that he was drug free for any substantial period of time. "[D]rug addiction is not necessarily regarded as a mitigating factor when a criminal defendant has a long-term problem and seems unwilling to pursue treatment. (Compare *People v. Simpson* (1979) 90 Cal.App.3d 919, 926-928, with *People v. Regalado* (1980) 108 Cal.App.3d 531, 538-540, and *People*

*v. Reyes* (1987) 195 Cal.App.3d 957, 960-964, and cases there cited.)" (*People v. Martinez* (1999) 71 Cal.App.4th 1502, 1511.)

Defendant's mental health issues are documented in his prison records, but he has not sufficiently explained how his mental health issues place him outside the spirit of the Three Strikes Law. In particular, defendant told the probation officer that he was receiving medication for these conditions, and it is therefore unclear how or indeed whether defendant's mental health issues relate to his continued criminality.

Defendant argued in the trial court that his reduced life expectancy, presumably due to his health problems, was a factor in mitigation. On appeal, he argues that even if he could expect an average life span, he would still die before becoming eligible for parole under his current sentence. We find the argument unconvincing under the applicable standard of review. If anything, defendant's age combined with his extensive criminal history reinforces the presumption that he is incorrigible and is within the spirit of the statutory scheme California voters saw fit to enact. (See *People v. Vargas*, *supra*, 59 Cal.4th at p. 638 [three strikes law presumes a defendant who has committed a third qualifying felony "is incorrigible and requires a life sentence"].)

As the trial court pointed out, defendant was given multiple opportunities for rehabilitation during his life. He received probation for his first adult offense. He had numerous periods of parole. For reasons that are not clear from the record, defendant received a sentence of 11 years in state prison for his 1995 robbery conviction, although he was apparently eligible for a much longer sentence under the Three Strikes Law. The trial court was accordingly within its discretion to decide defendant had not shown he falls outside the spirit of the Three Strikes Law and to deny his *Romero* motion accordingly.

### D.    *Presentence Custody Credits*

Defendant also contends that his presentence custody credits are too low and should be corrected. Defendant received a total of 837 days. Defendant and respondent agree that he is entitled to a total of 902 days.

Defendant's current conviction is for robbery, and so his custody credits are limited to 15 percent of worktime credit. (§§ 2933.1, subd. (a), 667.5, subd. (c)(9).) These credits are calculated by multiplying the actual custody days by 15 percent and rounding down. (*People v. Duran* (1998) 67 Cal.App.4th 267, 270.)

The parties agree that the trial court correctly computed the amount of actual custody days as 785. Fifteen percent of 785 is 117.75, which rounds down to 117. The total amount of presentence custody credits is therefore 902 days. The abstract of judgment should be corrected to reflect these amounts.

DISPOSITION

Defendant's total presentence custody credits are ordered corrected to 902 days, consisting of 785 days of actual custody and 117 days of conduct credit. The clerk of the superior court shall prepare an amended abstract of judgment reflecting these corrections and to deliver a copy to the Department of Corrections and Rehabilitation. The judgment of conviction is affirmed in all other respects.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

KRIEGLER, Acting P.J.

RAPHAEL, J.[*]

_____

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.